334 So.2d 265 (1976)
Mack SIMMONS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-884.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Rehearing Denied July 6, 1976.
*266 Phillip Hubbart, Public Defender and Julian Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Brian H. Leslie, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Defendant Mack Simmons appeals an adjudication of guilt for murder in the first degree. The jury that found him guilty later recommended a sentence of life imprisonment. After the denial of his motion for a new trial, he was sentenced and this appeal followed. Three points are presented here. The first urges error in the court's failure to have testimony, requested by the jury after the jury had retired, read to them. The second point urges error in the failure to grant a new trial upon defendant's contention that he was not present in court at the time the jury was sworn. The third point urges that it was error for the court to deny defendant's motion to suppress his confessions.
The record contains the following facts concerning the court's failure to have testimony read to the jury. Defendant's trial began on April 14, 1975; on April 15th, after hearing seven to eight hours of testimony, the jury retired to consider its verdict at 6:46 p.m. At 7:25 p.m., the jury sent out a request for a typewritten copy of the testimony of two witnesses; Detective Dallas, who was an investigating officer and one of the officers who took the defendant's confession, and witness Tilley, who was a fingerprint expert. Of course, the typewritten transcript was not then available. The court estimated that it would take seven hours to read the testimony as it was given from the stand. The reporter stated to the court that after the long hours of work, she was physically incapable of reading the testimony to the *267 jury. At the beginning of the discussion, the attorney for the defendant stated that in his opinion the court could do one of two things: (1) tell the jury to rely upon its memory, or (2) have the testimony read to the jury.[1] After further discussion, the defense attorney moved the court to have the testimony read. The court decided that the reading was impractical and instructed the jury that they must rely on their collective memory of the testimony from the stand. It is here urged that the denial of the defendant's motion to have the testimony read to the jury was error.
The defendant relies upon Furr v. State, 152 Fla. 233, 9 So.2d 801 (1942); and Penton v. State, Fla.App. 1958, 106 So.2d 577, for the rule that it is error to refuse the jury's request to have portions of the testimony read to them. In Furr, the general rule is laid down that it is the duty of the trial judge to respond to a jury's question and to have material portions of the testimony read where relevant to the question. In Penton, it was held error not to have read to the jury testimony which the Court of Appeal found to have been available, although there had been some question in the mind of the trial court of whether the testimony had been taken by the reporter.
We hold that reversible error has not been shown.
CrPR 3.410 provides in pertinent part:
* * * * * *
"After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them."
* * * * * *
Thus, it is within the trial court's discretion to have the court reporter read back testimony of witnesses upon the request of the jury. See LaMonte v. State, Fla.App. 1962, 145 So.2d 889. In the instant case, where the jury did not ask to have the testimony read and the reading of the testimony was impractical, there was no abuse of discretion.
The second point claims error upon the allegation that the record fails to show that the defendant was in the courtroom when the jury was sworn. It is true that the defendant must be present at every essential part of the trial unless he has, by his own actions, waived the right. See CrPR 3.180; State v. Melendez, Fla. 1971, 244 So.2d 137; and Cole v. State, Fla. App. 1967, 199 So.2d 480. The issue was first raised upon motion for new trial. The record does show that immediately after the swearing of the jury, the defendant announced, by his counsel, that he was ready to proceed. While the record of the swearing of the jury does not affirmatively show that the defendant was present, it does not show his absence. The trial judge took testimony on the issue and determined that, in fact, the defendant was in the courtroom. We hold that no reversible error has been shown. Cf. Richardson v. State, Fla. 1971, 246 So.2d 771.
Defendant's third point claims error upon the denial of his motion to suppress his confession. The basis for defendant's argument is that he was under actual arrest although not formally arrested at the time he was questioned. Defendant admits that he was fully informed of his constitutional rights but urges reversible error under Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), because he was arrested allegedly without probable cause. The evidence before the trial judge when he made his determination *268 supports the finding that the police officer was in the process of investigating the homicide at the time that the defendant voluntarily submitted himself to interrogation. We conclude that no error is shown.
Affirmed.
NOTES
[1] * * * *
"I think you ought to do one of two things: This is acceptable practice that is to tell them they are going to have to rely on their collective memories, or you must read the testimony back."
* * * * *