781 So.2d 413 (2001)
Henry AVILA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-70.
District Court of Appeal of Florida, Fourth District.
January 17, 2001.
*414 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This case is before us for the third time after we granted Henry Avila's petition for writ of habeus corpus based on a valid claim for ineffective assistance of appellate counsel. In this new appeal on the merits from his convictions of second-degree felony murder, armed burglary, and attempted armed robbery, Avila argues that the trial court improperly responded to the jury's request to review specific alibi testimony. We agree and thus, reverse.
Avila was charged by information with second-degree felony murder, armed burglary, and attempted armed robbery. These charges arose from a criminal episode that occurred between 6:30 p.m. and 7:00 p.m. in Pembroke Pines, Broward County, Florida. Specifically, two male assailants forced a homeowner at gunpoint into his house that was also occupied at the time by his girlfriend and four children. While one assailant guarded the homeowner's girlfriend with a knife, the other assailant took the homeowner at gunpoint to a back bedroom to retrieve money from the homeowner's safe. After the safe was opened, the homeowner disarmed the assailant guarding him and, after a struggle, shot the assailant several times, killing him. The other assailant fled the scene.
At trial, the homeowner and his girlfriend identified Avila as the assailant who guarded her. A witness also identified Avila's customized truck as being at the crime scene. Moreover, Avila's fingerprint was identified on some duct tape found near the crime scene.
Avila, however, contended that he was in Key West at the time the crimes occurred. In support of this claim, he presented several witnesses who testified that he was at various locations in Key West on the day in question from about 3:00 p.m. to 9:00 p.m. Testimony showed that it takes approximately two hours and forty-five minutes to travel between Key West and Pembroke Pines.
During jury deliberation, the jury handed the trial court a note indicating that it was interested in reviewing the timetable presented by the testimonies of five specific alibi witnesses. After the trial court asked the jury for clarification, the jury sent back another note wherein it stated that it needed to review the timing of specific events set forth by the testimonies of four named alibi witnesses. Although it was evident that the jury sought a readback of only the portion of the witnesses' testimonies that defined the timeline, the trial court believed it was prohibited from providing a partial readback. Because it was involved in another case and anticipated *415 that a full readback of all five witnesses' testimonies would take a full day to complete, the trial court answered the jury, as follows:
First of all, in terms of factual issues, I cannot answer any factual questions for you. Facts are exclusively within the province of the jury [and] are not within the province of the Court. And so in terms of an answer to those questions, I cannot give you any timing.
The second issue, the court reporter which you have seen here, takes down the trial in shorthand notes. We do not print transcripts, we have no such transcripts, there are no printed transcripts. We have no transcripts to submit back to you at this point of the shorthand notes of the court reporter.
You should attempt to rely on the collective recollection of the six of you in determining what the various factual questions that you have.
After deliberating, the jury found Avila guilty as charged. This court then affirmed his convictions on appeal. See Avila v. State, 745 So.2d 983 (Fla. 4th DCA 1999). Avila, however, subsequently filed a petition for writ of habeus corpus alleging ineffective assistance of appellate counsel, in part for failing to argue that the trial court erred in its response to the jury's notes. We then granted the petition and limited our review of the new appeal to this issue.
Florida Rule of Criminal Procedure 3.410 provides,
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Fla.R.Crim P. 3.410. Under this rule, the trial court has wide latitude in the area of the reading of testimony to the jury. See Haliburton v. State, 561 So.2d 248, 250 (Fla.1990). In this respect, the trial court may provide a limited, or partial, readback of testimony specifically requested by the jury, as long as that testimony is not misleading. Garcia v. State, 644 So.2d 59, 62 (Fla.1994); Haliburton, 561 So.2d at 250.
We initially note that the state argues that Avila waived this issue because defense counsel did not formally object to the trial court's actions. No magic words, however, are needed to make a proper objection. Williams v. State, 414 So.2d 509, 512 (Fla.1982). In this respect, an issue is preserved for appeal if the attorney's articulated concern is sufficiently specific to inform the trial court of the alleged error. Id. Here, although defense counsel did not "object" to the trial court's actions, the record clearly shows that he asked the trial court to read back the testimonies. Because the trial court was aware that defense counsel disagreed with its actions, we hold that this issue was preserved for appeal. See Layman v. State, 728 So.2d 814, 817 (Fla. 5th DCA 1999).
We further hold that the trial court improperly responded to the jury's request to review the timing of events set forth by Avila's alibi witnesses. While the trial court has the discretion to deny a jury's request to read back testimony, it may not mislead the jury into thinking that a readback is prohibited. See Huhn v. State, 511 So.2d 583, 591 (Fla. 4th DCA 1987). In this case, the jury clearly sought a readback of specific testimony. The trial court, however, without mentioning that a *416 method of readback was available, informed the jury that there were no transcripts and that the jury members should rely upon their collective recollection. Because such a statement may have confused the jury as to whether a readback of testimony was permissible, we conclude that the trial court abused its discretion. See Biscardi v. State, 511 So.2d 575, 580-81 (Fla. 4th DCA 1987).
Although the trial court erred by misleading the jury, the state maintains that such error was harmless because there was substantial evidence of guilt. We disagree. The jury's notes clearly indicated that it wanted to review specific testimony supporting Avila's alibi. Because the jury could have acquitted Avila had it believed the testimony it sought to review, we cannot find beyond a reasonable doubt that the trial court's instructions did not contribute to his convictions.
In reaching this determination, we also note that the trial court was hesitant to provide a full readback because it was involved in another jury trial. While we sympathize with the trial court and recognize the pressure of presiding over multiple trials, such constraints should not affect the discretion of the court under rule 3.410. Moreover, had the court entertained the jury's request, as was mentioned in oral argument, the court reporter could have read back the relevant partial testimony from her shorthand notes in about one hour. Accordingly, we reverse and remand for a new trial.
REVERSED.
GUNTHER, J., and DONNER, STEELE, Associate Judge, concur.