SHEPHERD, J.
Steven Hazuri appeals his conviction for aggravated battery with a weapon. The only issue on appeal is whether the trial court abused its discretion in failing to advise the jury they could receive a “read-back” of trial testimony in response to a request sent during deliberations for transcripts. We conclude the trial court had no duty to volunteer this information and thus did not abuse its discretion in declining to do so. We therefore affirm Hazuri’s conviction.
Hazuri was tried for armed robbery and aggravated battery with a weapon. After a couple hours of deliberation, the jury sent a note to the court stating the jurors were unable to reach a verdict. The parties agreed the jury should be sent home for the evening and return the next day to continue its deliberations. The next morning, after an hour of deliberations, the jury sent a note to the court requesting trial transcripts. The following transpired:
*858 THE COURT: Back on the record. Note for the record the presence of the defendant, his attorney, the assistant state attorney. Counsel, we have a note from the jury. Could they get transcripts from the trial. State, suggestions.
[ASSISTANT STATE ATTORNEY]: My only suggestion is that we tell them they must rely on their own recollection of the testimony.
THE COURT: [Defense counsel].
[DEFENSE COUNSEL]: My answer is you should inform the jury that they are allowed to have whatever, you know, portion of the transcript read back to them if they have a question about some evidence, but to have a set of transcripts from the trial, absolutely not.
THE COURT: There are no trial transcripts of moment. Certainly portions of the record could be read, however, I do believe that the accurate and correct response is that they must rely on their own collective recollection of the evidence and we will answer the question that way.
[DEFENSE COUNSEL]: You are not going to advise them that they have a right to have the transcript read back?
THE COURT: They don’t have a right. It is within my discretion.
[DEFENSE COUNSEL]: Would you note my objection for the record.
THE COURT: I will note your objection, counselor. I will note it for the record.
[DEFENSE COUNSEL]: You are just going to send the note back?
THE COURT: Yeah. Okay. Okay. There you go. Okay.
Hazuri argues the trial court abused its discretion in refusing to advise the jurors that although they could not have a copy of any transcripts, they were entitled to have portions of the transcript read back to them. Florida Rule of Criminal Procedure 3.410, governing “readbacks,” provides as follows:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
However, the jury in this case did not ask for a “readback.” Rather, the jury asked a specific question. The court’s purported answer[1] — the jury “must rely on their own recollection of the evidence” — was fair and legally accurate. Florida Rule of Criminal Procedure 3.400 states:
(a) ... The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(1) a copy of the charges against the defendant;
(2) forms of verdict approved by the court, after being first submitted to counsel; *859 (3) all things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.
Nowhere does the above-quoted rule contain a provision allowing the jury to receive transcripts of trial testimony in the jury room. See Janson v. State, 730 So.2d 734, 735 (Fla. 5th DCA 1999); cf. Barnes v. State, 970 So.2d 332, 339 (Fla.2007) (holding transcript of testimony at prior trial which was admitted in evidence could not be taken to jury room); Young v. State, 645 So.2d 965, 967 (Fla.1994) (holding videotaped witness testimony could not be taken back to jury room for unrestricted view during jury deliberations). Thus, the trial court was bound to refuse the jury’s request, and its further answer that the jury “must rely on their own recollection” was true in relation to the question posed. Upon giving such an answer, the trial court was under no obligation — as defense counsel suggested — -to inform the jurors that a “readback” of trial testimony may be available upon request.
The assertion by the defense that the trial courts legally accurate answer created a misimpression in the minds of the jury that any further request for a “readback” also would be rejected is unpersuasive. It is true that “while the trial court has the discretion to deny a jurys request to read back testimony, it may not mislead the jury into thinking that a read-back is prohibited.” Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001). However, in this case, nowhere in the colloquy between counsel and the court can there be found any statement that the court would disobey Rule 3.410 and deny a “readback” if requested. In fact, the trial judge expressly stated to the contrary. Because no transcripts were to be forthcoming, it was entirely correct to instruct the jury they “must rely on their own recollection of the evidence.... ” See Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992) (approving instruction to jurors that they must “rely on their recollection of the evidence” in response to jury question pertaining to testimonial fact evidence); Infantes v. State, 941 So.2d 432, 434 (Fla. 3d DCA 2006) (“We find no abuse of discretion in the trial courts refusal to reread the first officers testimony and instructing the jury to rely on its collective memory.”).
We find the authorities cited in the dissent inapposite, as they are all soundly based on the presence of legal error in the trial courts formulation of its own limitations. In two of the cases — Huhn v. State, 511 So.2d 583, 591 (Fla. 4th DCA 1987) and Biscardi v. State, 511 So.2d 575, 580 (Fla. 4th DCA 1987) — the trial court preemptively advised the jury in identical terms that “there really is no provision ... to have [] testimony read back.” This advice to the jury directly contravened Florida Rule of Criminal Procedure 3.410. In Avila, the third case relied upon by the dissent, the jury sought “[to] review [ ] the timetable presented by the testimonies of five specific alibi witnesses” in the case. Avila, 781 So.2d at 415. After an additional written exchange with the jury, the trial court concluded the jury, in fact, had requested a “readback,” — which involved “a full readback of five witnesses’ testimonies [that the trial court anticipated] would take a full day to complete” — but declined the request on the erroneous impression that it was prohibited from providing a “readback” of the testimony of just selected witnesses. Id. at 414-15. This, of course, was error.
In our case, the jury requested “transcripts.” The trial court did not abuse its *860 discretion in advising the jury that it could not be given copies of the transcripts and must therefore rely upon its own recollection of the testimony.
We affirm the conviction.
SUAREZ, J., concurs.

. We do not have the written response returned to the jury and defense counsel did not ask that the written response be read into the record for our benefit — which may be reason enough to affirm the conviction in this case, see Dade County Bd. of Pub. Instruction v. Foster, 307 So.2d 502, 502 (Fla. 3d DCA 1975) ("It is incumbent for the appellant, under Florida Appellate Rules, to bring the record to the court sufficient to demonstrate error.”) — but based upon the record we do have, we know it was defense counsel who inserted "readback” into the dialogue.