*1029
ON MOTION FOR REHEARING AND WRITTEN OPINION

GRIFFIN, J.
The judgment and sentence in this case were initially affirmed by this Court -without a written opinion. Appellant has filed a motion for rehearing and a request for a written opinion. We deny the motion for rehearing because we remain convinced that the trial court committed no reversible error; however, we withdraw the previously issued affirmance and grant the motion for a written opinion.
Cedric Frasilus was indicted by a grand jury for the first degree murder of Deme-trick Smith [“Mr. Smith”] on January 13, 2008, and was convicted after a trial. The issue about which Appellant seeks a written opinion arose during jury deliberations.
After the jury retired to deliberate, they returned with a question: “When was the picture taken on the Department of Highway and Safety? What date, the issue date or duplicate? Signed ...., Foreperson.” This question related to the identification of Appellant as the assailant. One of the surviving victims said the assailant wore dreadlocks under a “hoodie.” Appellant claimed that he had not worn dreadlocks for four years and, that on the date of the homicide, he was bald. In his testimony, he claimed the photograph on his driver’s license, showing him with no hair, was taken the month before the crime. After reading the jury’s question, the trial judge said he could not tell the jury the date the photograph was taken, so he would send the following note back to the jury: “You will have to use your best recollection of the evidence. You have received all the evidence we can give you.” The court asked counsel if that was acceptable, and both Appellant and the State agreed. Now, on appeal, Appellant contends the trial court committed fundamental error by failing to inform the jury that it was entitled to a read-back of portions of the testimony.
The State’s position is that the jury never asked for any testimony to be read back to them, and the trial court’s response to their factual question was proper. Florida Rule of Criminal Procedure 3.410 provides that a trial court may, in its discretion, allow portions of the trial testimony to be read back to the jury upon their request. A trial court’s discretion over whether to allow a read-back of testimony is wide. Kelley v. State, 486 So.2d 578, 583 (Fla.1986). See also Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001). In fact, the Florida Supreme Court has observed that “courts have found no abuse of discretion even where the trial judge has, without much consideration, entirely rejected the jury’s request for a read back.” Francis v. State, 808 So.2d 110, 130 (Fla.2001) (citing McKee v. State, 712 So.2d 837, 838 (Fla. 2d DCA 1998)).
As late as 2007, the Florida Supreme Court has addressed the question of testimony read-back during jury deliberations. In Re Amendments to The Florida Rules of Civil Procedure, The Florida Rules of Criminal Procedure, The Standard Jury Instructions in Civil Cases and The Standard Jury Instructions in Criminal Cases — Implementation of Jury Innovations Committee Recommendations, 967 So.2d 178, 183 (Fla.2007). The Jury Innovations Committee had recommended that the court develop criteria for denying a read-back request. The court declined the invitation, saying: “We conclude that trial judges should have broad discretion in denying read-back requests.” It did, however, authorize Standard Criminal Instruction 4.4, which provides a suggested format for addressing jury read-back requests. In the same opinion, the supreme court authorized Standard Criminal Instruction 4.3, a procedure for addressing *1030 jurors’ questions.[1]
Despite the wide latitude a trial court is accorded in exercising its discretion whether to read back testimony, some courts have said that a trial court “may not mislead the jury into thinking that a readback is prohibited.” Avila, 781 So.2d at 415. The Fourth District Court of Appeal has taken an expansive view of what constitutes a “misleading” of the jury. In Amia, the jury informed the court “that it needed to review the timing of specific events set forth by the testimonies of four named alibi witnesses.” 781 So.2d at 414. The trial judge told the jury that although the court reporter took “down the trial in shorthand notes,” there were “no printed transcripts” to “submit back to you.” Id at 415. The Fourth District concluded that the trial judge abused his discretion by failing to tell the jury about the potential availability of a read back:
While the trial court has the discretion to deny a jury’s request to read back testimony, it may not mislead the jury into thinking that a readback is prohibited. In this case, the jury clearly sought a readback of specific testimony. The trial court, however, without mentioning that a method of readback was available, informed the jury that there were no transcripts and that the jury members should rely upon their collective recollection. Because such a statement may have confused the jury as to whether a readback of testimony was permissible, we conclude that the trial court abused its discretion.
Id. at 415-16 (citations omitted).
In Hazuri v. State, 23 So.3d 857 (Fla. 3d DCA 2009), the Third District took a different approach. There, the jury sent a note to the court requesting trial transcripts. Id at 857. The trial court informed the prosecutor and defense counsel that it believed “the accurate and correct response is that they must rely on their own collective recollection of the evidence.” Id at 858. Defense counsel objected based on the failure of the suggested instruction to inform the jury of the availability of a read-back. Id The trial court overruled the objection and instructed the jury as it had announced it would. Id On appeal, the Third District held that the instruction was “fair and legally accurate” and that the trial court was under no obligation, in response to the request for transcripts, to inform the jury that a read-back may be available upon request. Id at 858-59.
The Appellant makes much of Judge Cope’s dissenting opinion in Hazuri, where he said:
The majority opinion finds dispositive the fact that the jury note asked for transcripts. According to the majority, since no transcripts were in existence, it follows that the question could be answered with a simple “no.”
The majority opinion overlooks the fact that jurors are composed of lay persons. If they knew the technical details of the law, then they would have written a better note. But the substance of the question was whether the jury could review the testimony. Defense counsel quite properly said that under rule 3.410, a jury may request to have “testimony read to them,” and the court may so order.
Id. at 861 (Cope, J., dissenting). We need not decide whether a request for a transcript ipso facto gives rise to a duty on the part of a trial judge to inform the jurors of *1031 their right to request a read-back because our case is different. The jury did not ask to review a transcript or examine testimony; it asked for an answer to a fact question.
The Fourth District recently rejected the Third District’s view in Barrow v. State, 27 So.3d 211 (Fla. 4th DCA 2010). There, as in Hazuri, the jury requested to view the trial transcript. 27 So.3d at 215. Both the prosecutor and defense counsel suggested that the court advise the jury of its right to request a read-back. Id. at 216. The court, however, refused to give such an instruction, and instead told the jury, “There are no transcripts available for your review. Please rely on the evidence presented during the proceedings.” Id. The Fourth District held that this instruction was misleading and, thus, constituted reversible error. Id. The Barrow court also certified conflict with Hazuri.
The Barrow court relied, in part, on this court’s decision in Roper v. State, 608 So.2d 533, 534 (Fla. 5th DCA 1992), where the trial court had responded to a jury’s request to “see” certain testimony by informing the jury, over defense counsel’s objection, that there was nothing to “see,” as no transcript was available. See Barrow, 27 So.3d at 217. This Court said that the trial court’s response was too narrow and that it was error to refuse even to consider defense counsel’s request:
The trial judge here narrowly focused upon the word “see” (as distinguished from “hear”) in the jury’s request and deftly side-stepped the problem. As we see it, he employed a semantic shell game effectively negating an option allowed the jury under Rule 3.410. At the very least, the trial judge should have apprised the jury that a method was available to have the cross-examination, or specific portions of it, read to them. Then, if the jury requested it, the trial court could have weighed that request in light of any applicable considerations.
Id. at 535. The Roper court did not suggest, however, that a jury’s fact question gives rise to a duty to inform the jury that it may request a read-back of any relevant testimony.
Even if a court’s failure to inform the jury of their right to request a read-back in a case such as this were error, it is hard to conceive that it would be fundamental error. Davis v. State, 760 So.2d 977, 978 (Fla. 3d DCA 2000); Farrow v. State, 573 So.2d 161, 162-63 (Fla. 4th DCA 1990). We are aware of only one Florida case, LaMonte v. State, 145 So.2d 889 (Fla. 2d DCA 1962), in which the court’s failure to advise the jury of the right to a read-back was held to be fundamental error.
LaMonte is the case on which Appellant principally relies. In LaMonte, the evidence against the defendant was entirely circumstantial. No testimony by any witness put the defendant at the place of the robbery. During deliberations, the jury asked two questions: “whether the rubber mask was found on the floor of the closet or whether it was found in the attic; and whether there was a rear door as well as a side and front door to the home of the defendant.” Id. at 892. The jury requested that the testimony on those matters be read back or that the court supply the answers. The court responded by informing the jury that it was not able to comment on the evidence and could not tell the jury what was in the record and what was not in the record. Defense counsel did not object. The Second District concluded that the jury’s question pertained to a material issue that could have been resolved by reading testimony to the jury, and the failure of the trial court to have the testimony read to the jury was fundamental error.
The LaMonte decision may be explained in part by reference to the state of the law *1032 in 1962. The LaMonte jury had expressly requested a read-back of testimony and the court made note of the fact that the applicable statute at the time, section 919.05, Florida Statutes, by its express terms, made a read-back mandatory, upon the jury’s request, although case law had construed the statute to vest discretion in the trial court. In 1970, section 919.05 was repealed in light of the adoption in 1967 of the Florida Rules of Criminal Procedure and was superseded by rule 3.410. In 1972, the rule was revised to eliminate the mandatory language. The committee note says the purpose of the change was to make the rule discretionary. In re Florida Rules of Criminal Procedure, 272 So.2d 65, 116 (Fla.1972).
We do not think it is either necessary or desirable to impose a requirement on the trial court to inform the jury of its right to request a read-back in response to any question from the jury concerning an issue of fact that may have been the subject of testimony somewhere during the course of trial. Nor would such a requirement take into account that a defendant’s failure to request a read-back in such a circumstance might well be strategic. Because a trial court is not required to accede to a jury’s request for a read-back of evidence it has already heard, it is difficult to imagine circumstances under which a trial court’s failure to advise the jury of its right to request a read-back could vitiate the fairness of the entire trial.
Most recently, in Hendricks v. State, 34 So.3d 819 (Fla. 1st DCA 2010), the First District disagreed with LaMonte and determined that no fundamental error occurred in their case, despite the lower court’s arguably misleading failure to advise of the availability of a read-back in response to a request to view the transcript of certain testimony. The district court pointed out that the decision whether to request a read-back could well be strategic and that the application of fundamental error in this context would encourage “gamesmanship.” Id. at 831.
Here, after hearing the jury’s question, the trial court advised the jury to rely on its collective recollection of the evidence it had already heard to make its decision. The jury arrived at a unanimous verdict, suggesting that the jury was able to discuss the matter and resolve their factual question. Appellant has attempted to construct an evidentiary scenario analogous to LaMonte in which the date of the photograph is of transcendental importance in an otherwise evidence-starved prosecution. But that is not true of this case. Moreover, even if the date of the photograph were established on the record to be consistent with Appellant’s testimony, it does not establish Appellant’s appearance on the date of the crime. It cannot be said in this case that the trial court’s failure to offer a read-back of any trial testimony that may have pertained to Appellant’s photograph vitiated the fairness of the entire trial.
AFFIRMED.
ORFINGER and COHEN, JJ., concur.

. In attempting to fashion a response to the jury in this case, it is apparent that the trial court thought it was responding to a jury question, not a request to read-back the testimony of a witness.