POLSTON, J.,
dissenting.
I respectfully dissent. The jury requested transcripts. The trial court sent a proper note to the jury saying: “There are no transcripts available for your review. Please rely on the evidence presented during the proceedings.” No read-backs were requested and no instructions given on read-backs. As reasoned by both the Third and Fifth District Courts of Appeal, I would not require the trial court to advise the jury on read-backs when not requested. See Hazuri v. State, 23 So.3d 857 (Fla. 3d DCA 2009); see also Frasilus v. State, 46 So.3d 1028, 1032 (Fla. 5th DCA 2010) (holding that trial court’s refusal to answer a factual question from the jury and decision not to advise jurors of right to read-back was not fundamental error and reasoning that “[w]e do not think it is either necessary or desirable to impose a requirement on the trial court to inform a jury of its right to request a read-back in response to any question from the jury concerning an issue of fact that may have been the subject of testimony somewhere during the course of trial [and] [b]ecause a trial court is not required to accede to a jury’s request for a read-back of evidence it has already heard, it is difficult to imagine circumstances under which a trial court’s failure to advise the jury of its right to request a read-back could vitiate the fairness of the entire trial”). Decisions regarding read-back of trial testimony should be left to the discretion of the trial court. See Frasilus, 46 So.3d at 1029 (“Florida Rule of Criminal Procedure 3.410 provides that a trial court may, in its discretion, allow portions of the trial testimony to be read back to the jury upon their request. A trial court’s discretion over whether to allow a read-back of testimony is wide. Kelley v. State, 486 So.2d 578, 583 (Fla.1986).”).