QUINCE, J.
Steven Hazuri seeks review of the decision of the Third District Court of Appeal in Hazuri v. State, 23 So.3d 857 (Fla. 3d DCA 2009), on the ground that it expressly and directly conflicts with decisions of the Fourth and Fifth District Courts of Appeal in Barrow v. State, 27 So.3d 211 (Fla. 4th DCA), review granted, 49 So.3d 747 (Fla. 2010), Avila v. State, 781 So.2d 413 (Fla. 4th DCA 2001), and Roper v. State, 608 So.2d 533 (Fla. 5th DCA 1992), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. The issue before us is whether the trial court erred in failing to inform the jury of its right to request a read-back in response to the jury’s request for trial transcripts during deliberations. We conclude that the trial court erred, that the trial court’s actions constituted reversible error, and that Ha-zuri is entitled to a new trial. Accordingly, we quash the decision of the Third District below, and approve of the reasoning applied by the district courts in Barrow, Avila, and Roper, and Judge Cope’s dissent in Hazuri.
FACTS
The following facts come from the Third District Court of Appeal’s opinion in Hazuri v. State, 23 So.3d 857 (Fla. 3d DCA 2009):
Hazuri was tried for armed robbery and aggravated battery with a weapon. After a couple hours of deliberation, the jury sent a note to the court stating the jurors were unable to reach a verdict. The parties agreed the jury should be sent home for the evening and return the next day to continue its deliberations. The next morning, after [almost] an hour of deliberations, the jury sent a note to the court requesting trial transcripts. The following transpired:
*839 THE COURT: Back on the record. Note for the record the presence of the defendant, his attorney, the assistant state attorney. Counsel, we have a note from the jury. Could they get transcripts from the trial. State, suggestions.
[ASSISTANT STATE ATTORNEY]: My only suggestion is that we tell them they must rely on their own recollection of the testimony.
THE COURT: [Defense counsel]. [DEFENSE COUNSEL]: My answer is you should inform the jury that they are allowed to have whatever, you know, portion of the transcript read back to them if they have a question about some evidence, but to have a set of transcripts from the trial, absolutely not.
THE COURT: There are no trial transcripts of moment. Certainly portions of the record could be read, however, I do believe that the accurate and correct response is that they must rely on their own collective recollection of the evidence and we will answer the question that way.
[DEFENSE COUNSEL]: You are not going to advise them that they have a right to have the transcript read back?
THE COURT: They don’t have a right. It is within my discretion. [DEFENSE COUNSEL]: Would you note my objection for the record.
THE COURT: I will note your objection, counselor. I will note it for the record.
[DEFENSE COUNSEL]: You are just going to send the note back?
THE COURT: Yeah. Okay. Okay. There you go. Okay.
Hazuri v. State, 23 So.3d 857, 857-58 (Fla. 3d DCA 2009). Thereafter, Hazuri was convicted of aggravated battery with a weapon, which he then appealed to the Third District Court of Appeal. Id. at 857. On appeal, Hazuri argued that the trial court abused its discretion in refusing to inform the jury that it was entitled to have portions of the trial transcript read back to it, although it could not have a copy of any transcripts. Id. at 858. The district court first quoted Florida Rule of Criminal Procedure 3.410, which governs read-backs. Id. However, the district court noted that rather than ask for a read-back, the jury asked a specific question. Id. The court determined that the trial court’s purported answer that the jurors “must rely on their own collective recollection of the evidence,” was fair and legally accurate in relation to the question posed. Id. at 858-59.[1] Florida Rule of Criminal Procedure 3.400, which lists the items permitted in the jury room, does not contain a provision allowing transcripts in the jury room. Id. Thus, the district court reasoned that the trial court was required to reject the jury’s request. Id. at 859. Moreover, the court was not required to advise the jury that it could request a read-back of testimony. Id.
The Third District acknowledged case law prohibiting a trial court from misleading a jury into thinking that a read-back was prohibited. Id. (citing Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001)). However, the district court determined that the trial court never stated that it would disobey rule 3.410 and deny a read-back if requested. Id. The Third District then distinguished the cases cited by the *840 dissent. Id. The court determined that in two of the cases, the trial court preemptively informed the jury that there was no provision permitting a read-back of trial testimony, in direct contravention of rule 3.410. Id. (citing Huhn v. State, 511 So.2d 583, 591 (Fla. 4th DCA 1987), and Biscardi v. State, 511 So.2d 575, 580 (Fla. 4th DCA 1987)). In the third case cited by the dissent, Avila, the trial court rejected a read-back based on the erroneous impression that it was not permitted to provide a read-back of testimony of only certain witnesses. Id. (citing Avila, 781 So.2d at 414-15). In contrast, in the case before the Third District, the jury requested transcripts and the district court concluded that the trial court did not abuse its discretion in informing the jury that it could not have copies of the transcripts, and therefore had to rely on its recollection of the testimony. Id. at 859-60.
In his dissent, Judge Cope asserted that the read-back instruction timely requested by the defense should have been given. Hazuri, 23 So.3d at 861 (Cope, J., dissenting). After a brief mention of Avila, Huhn, and Biscardi, Judge Cope wrote:
With all due respect, much of the majority opinion is niggling nitpicking. The majority opinion finds dispositive the fact that the jury note asked for transcripts. According to the majority, since no transcripts were in existence, it follows that the question could be answered with a simple “no.”
The majority opinion overlooks the fact that jurors are composed of lay persons. If they knew the technical details of the law, then they would have written a better note. But the substance of the question was whether the jury could review the testimony. Defense counsel quite properly said that under rule 3.410, a jury may request to have “testimony read to them,” and the court may so order.
Id. In light of this reasoning, Judge Cope concluded that the defendant was entitled to a new trial. Id.
ANALYSIS
In the only issue raised before this Court, Hazuri argues that the trial court abused its discretion in its handling of the jury’s request for trial transcripts. In this case, the jury did not specifically request a read-back. It is also significant that counsel for Hazuri requested that the trial court, in response to the jury’s request, should inform the jury of the availability of read-backs. Hazuri argues that the trial court abused its discretion in failing to inquire of the jury what portion of the transcript they wanted reviewed. However, the underlying thread of Hazuri’s argument is the assumption that a transcript request constitutes a request for a read-back. Whether this assumption is true or not is an important question for this Court to consider, as the two requests receive dissimilar treatment. The standard of review for this claim is de novo. See Bordes v. State, 34 So.3d 215, 216-17 (Fla. 4th DCA 2010) (applying de novo review to an issue involving legal determinations).
A jury’s request for a read-back of trial testimony is governed by Florida Rule of Criminal Procedure 3.410, which provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting at *841 torney and to counsel for the defendant.
As a general rule, trial courts have wide discretion in determining whether to grant read-back requests. In re Amends, to Fla. Rules of Civil Proc., 967 So.2d 178, 183 (Fla.2007). Indeed, “courts have found no abuse of discretion even where the trial judge has, without much consideration, entirely rejected the jury’s request for a read back.” Francis v. State, 808 So.2d 110, 130 (Fla.2001). In 2007, we authorized the publication and use of Standard Criminal Jury Instruction 4.4, providing a framework for acknowledging and either granting, deferring, or denying a jury’s request for a read-back of testimony. In re Amends, to the Fla. Rules of Civil Proc., 967 So.2d at 183.[2] However, we expressed no opinion on the correctness of the instructions set forth in the appendix to that opinion, which included Standard Instruction 4.4, and emphasized that the notes and comments to the instructions were not necessarily indicative of the views of the Court as to their correctness and applicability. Id. at 184. The Notes on Use of Standard Instruction 4.4 preclude the trial court from sending transcripts to the jury room. Id. at 194.
On the other hand, the general consensus is that trial judges have absolutely no discretion in permitting a jury to receive physical transcripts. Florida Rule of Criminal Procedure 3.400(a) states that the following items are permitted in the jury room: (1) a copy of the charges against the defendant; (2) verdict forms; and (3) all things received in evidence, excluding depositions. In addition, the court is required to provide a written copy of the jury instructions to be taken into the jury room. Fla. R.Crim. P. 3.400(b). The rule’s omission of transcripts from the list of permissible items indicates that transcripts are prohibited. See Janson v. State, 730 So.2d 734, 734 (Fla. 5th DCA 1999) (holding that the trial court erred in permitting transcripts of testimony of two witnesses in the jury room). This Court has held that a transcript of prior testimony which was read to the jury during trial should not be provided to the jury during deliberations. Barnes v. State, 970 So.2d 332, 338 (Fla.2007). The transcript was not permitted because “[i]f ... the jury takes the ... transcript to be read and discussed while the oral evidence contra has in a measure faded from the memory of the jurors, it is obvious that the side sustained by written evidence is given an undue advantage.” Id. (quoting Fuller v. United States, 873 A.2d 1108, 1116-17 (D.C.2005)). Although Barnes involved a transcript of prior testimony, the risk not *842 ed by the Barnes Court is still present where the jury receives transcripts of testimony it heard in the case before it as the jury may emphasize the testimony contained in the physical transcripts over the oral testimony previously heard during the trial. In light of this risk, and rule 3.400, Florida courts have consistently barred transcripts from the jury room.
Here, the trial court considered the jury’s transcript request as just that. Although the Third District in this case held that the trial court did not abuse its discretion in its literal answer to the jury’s transcript request, see also Simmons v. State, 334 So.2d 265, 267 (Fla. 3d DCA 1976) (holding that where the jury did not request to have the testimony read and the reading of the testimony was impractical, the trial court did not abuse its discretion), several cases from other district courts have held that a jury’s request for transcripts of specific witness testimony should be given a broader interpretation. For example, in Roper v. State, 608 So.2d 533 (Fla. 5th DCA 1992), a case involving the sexual abuse of a minor, the jury requested to “see” the victim’s cross-examination during deliberations. Id. at 533. The trial court interpreted the request as a literal request for something to see, and noted that there was “nothing to be seen” as there was no transcript produced or available at that time. Id. at 534. Although the defense requested a read-back of the cross-examination, the court informed the parties that a read-back request would be considered only if the jury sent another request to have the testimony read to them. Id. The trial court ultimately told the jury that a transcript had not been produced, and that there was “no way” for the jury to see the cross-examination. Id. Finally, the court instructed the jury to rely on its collective recollections and remembrances, and shortly thereafter, the jury found the defendant guilty on all charges. Id. at 534-35.
On appeal, the State argued that the trial court’s instruction to the jury in the case was not an abuse of discretion as the jury only requested to “see” a transcript and did not specifically request a read-back. Id. at 535. The Fifth District Court of Appeal rejected this argument, reasoning:
We believe the trial judge’s response to the jury’s question may well have led the jury to conclude that their only recourse was to rely upon their “collective recollections and remembrances” as to the cross-examination of the minor. Rather than weighing the pros and cons of having the cross-examination read back to the jury, as did the trial judge in Simmons, the trial judge here narrowly focused upon the word “see” (as distinguished from “hear”) in the jury’s request and deftly side-stepped the problem. As we see it, he employed a semantic shell game effectively negating an option allowed the jury under Rule 3.410. At the very least, the trial judge should have apprised the jury that a method was available to have the cross-examination, or specific portions of it, read to them. Then, if the jury requested it, the trial court could have weighed that request in light of any applicable considerations.

Id.

In Avila v. State, 781 So.2d 413 (Fla. 4th DCA 2001), the jury sent the trial court a note during deliberations, requesting that it review a timetable presented by the testimonies of five alibi witnesses. Id. at 414. When the court asked for clarification, the jury sent another note stating that it needed a review of the timing of specific events set forth by the testimonies of four named alibi witnesses. Id. It was clear that the jury was seeking a read- *843 back of only a portion of the witnesses’ testimonies concerning the timeline but the trial court believed it was prohibited from providing a partial read-back. Id. The court responded to the jury, in part, “We have no transcripts to submit back to you at this point ... [and] [y]ou should attempt to rely on the collective recollection of the six of you in determining what the various factual questions that you have.” Id. at 415.
In addition to noting that partial read-backs were permitted under certain circumstances, the Fourth District held that the trial court improperly responded to the jury’s request. Id. The district court explained that trial courts may not mislead a jury into believing that a read-back was prohibited. Id. The district court observed that the trial court failed to inform the jury that a method of read-back was available, stated that there were no transcripts, and told the jurors they would have to rely on their collective recollection. Id. at 415-16. In concluding that the trial court’s response may have confused the jury as to whether a read-back was permissible, the Fourth District held that the trial court had abused its discretion. Id. at 416.
The Fourth District also decided Barrow v. State, 27 So.3d 211 (Fla. 4th DCA), review granted, 49 So.3d 747 (Fla.2010), which involved a jury’s request for transcripts of the testimonies of five witnesses only ten minutes into its deliberations. Id. at 215. The trial judge told the attorneys that he would inform the jury that “there are no transcripts.” Id. Although the State suggested that the judge inform the jury they could request a read-back, the judge stated, “No, I don’t do read backs.” Id. The judge then discussed case law concerning a trial court’s broad discretion on a read-back request. Id. at 216. The defense counsel requested that the court inform the jury of the right to ask for a read-back. Id. The court denied the defense counsel’s request and sent the jury a note stating, “There are no transcripts available for your review. Please rely on the evidence presented during the proceedings.” Id. The jury found the defendant guilty of first-degree murder. Id.
Relying on Roper and Avila, the Fourth District held that the trial court erred in its response to the jury’s request, and should have told the jury a method of read-back was available, rather than “effectively negating] an option allowed the jury under Rule 3.410.” Id. at 218 (quoting Roper, 608 So.2d at 535). The Fourth District recognized the contrary result reached by the Third District in Hazuri, and certified conflict with that decision. Id. at 218. In addition, the Fourth District noted its agreement with Judge Cope’s dissent in Hazuri. Id. at 218 n. 2.[3]
Subsequent to Barrow, the Fourth District, in dicta, stated that the trial court correctly interpreted the jury’s request to “read [State witness’s] testimony” as a request for a read-back. See Wicklow v. State, 43 So.3d 85, 89 (Fla. 4th DCA 2010). Recently, the Fourth District issued its decision in Francois v. State, 65 So.3d 632 (Fla. 4th DCA 2011), which involved a jury’s request to see transcripts of the testimony of a witness for the State. Id. at 635. The trial court informed the jury that it was unable to grant the jury’s request notwithstanding the State and defense counsel’s agreement that the trial court should “read it back.” Id. at 636-37. *844 The Fourth District, in reliance on Barrow, held that the trial court’s failure to inform the jury that a read-back could be available upon request was error. Id. at 637.
Interestingly, in a decision issued almost eighteen years after the Roper decision, the Fifth District declined to address whether a request for a trial transcript should give rise to the trial court’s obligation to inform the jury of its right to request a read-back. See Frasilus v. State, 46 So.3d 1028, 1030-31 (Fla. 5th DCA 2010), review denied, 69 So.3d 277 (Fla.2011).[4] The district court concluded that the case before it was distinguishable, as the jury had asked for an answer to a specific fact question regarding the date of a photograph of the defendant, rather than a request for a transcript or the examination of testimony. Frasilus, 46 So.3d at 1029-31; compare Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992) (holding that a trial court need not answer questions of fact from a jury), with Kelley v. State, 486 So.2d 578, 583 (Fla.1986) (finding no abuse of discretion where the trial court offered to read back portions of testimony in response to the jury’s factual question).
In sum, the Fourth and Fifth Districts have essentially held that a request for transcripts triggers a trial court’s obligation to inform the jury of the possibility of a read-back.[5] It naturally follows that these district courts also believe that a request for transcripts that would normally implicate the guidelines in rule 3.400 concerning the items permitted in a jury room would also implicate rule 3.410 and its guidelines concerning read-backs. Conversely, the Third District has held that where the jury has requested transcripts of trial testimony, there is no affirmative duty to instruct a jury of its right to request a read-back.[6]
*845 We agree with the reasoning of the Fourth and Fifth Districts in Barrow, Avila, and Roper, and Judge Cope’s dissent in this case. The jury’s general right to ask questions of the trial court was discussed by this Court in Sutton v. State, 51 So.2d 725 (Fla.1951):
In our system of jurisprudence, the jury is of ancient and constitutional sanction .... [I]t performs an extremely important duty and neither its duty nor that performed by the court can be done properly in the absence of mutual aid and assistance. It resolves controversies of fact about which the judge cannot speak or apply the rule of law till the jury announces its judgment. The law applied by the court arises from the factual truth adduced by the jury.... The jury has a perfect right to return to the court room at any time and ask questions that are calculated to shed light on the controversy or that will in any way assist it or the court in developing the truth of the controversy.
Id. at 726. As recognized by the Sutton Court, the role of a jury as a factfinder is of utmost importance. The guilt or innocence of a defendant hinges on the facts of any given case and a courtroom trial can be a long, drawn out, and complex process, fraught with conflicting witnesses and intricate expert testimony. Thus, a jury’s accurate recollection of the testimony is crucial to its verdict. Simply put, a jury cannot properly fulfill its constitutionally mandated role if it cannot recall or is confused about the testimony presented in a case. Thus, in order to assist the jury in completing its fact-finding mission, trial courts should apply a liberal construction to a jury’s request for transcripts. In other words, a jury’s request for transcripts of testimony should prompt a judge to inform the jury of the potential availability of a read-back of testimony.
In addition, we refrain from arriving at any legal conclusion that would essentially eviscerate the right of juries to request read-backs recognized in rule 3.410. Whether a jury asks for transcripts of witness testimony or rather uses the term “read-back,” it is clear that the jury is requesting a review of trial testimony.[7] A jury is composed of laypersons often unfamiliar with legal terms of art, and there should be no magic words required for a read-back request, especially when the intent of the jury’s request for transcripts is clear. Failing to require further instruction concerning a read-back after a jury has requested transcripts leaves the jury without the means to refresh its memory of witness testimony — testimony that could be critical to the outcome of the verdict. Where a jury does not precisely request a “read-back,” the read-back portion of rule 3.410 is meaningless without an instruction to the jury that it can request a read-back.
We recognize that there is no requirement in the Rules of Criminal Procedure that a trial judge must advise a jury that it may request a read-back of testimony. However, this absence must be balanced against this Court’s reminder in Sutton *846 that “mutual aid and assistance” is required for the jury to perform its duty properly. 51 So.2d at 726. In cases such as the one presently before this Court, such aid and assistance from the trial court should consist of an instruction from the court that the jury can request a read-back. This in turn helps to ensure that the jury is fulfilling its duty to discern the facts of a given case.
In light of the above discussion concerning the critical nature of the jury’s fact-finding role, and to give effect to rule 3.410, we approve of the reasoning applied by the courts in Barrow, Avila, and Roper, and Judge Cope’s dissent in the instant case. We adopt the following two rules: (1) a trial court should not use any language that would mislead a jury into believing read-backs are prohibited, and (2) when a jury requests trial transcripts, the trial judge should deny the request, but inform the jury of the possibility of a read-back. A trial judge can respond to a request for transcripts in the following manner: “Transcripts are not available, but you can request to have any testimony read back to you, which may or may not be granted at the court’s discretion.” Additionally, when a jury makes a general request for trial transcripts, it is incumbent on the trial judge to instruct the jury to specify the trial testimony sought to be reviewed in the event the jury thereafter requests a read-back. This clarification is necessary so that the trial judge may properly exercise his or her discretion in granting, denying, or deferring any read-back requests.

THIS CASE

In this case, the trial court instructed the jury, in response to the jury’s request for trial transcripts, to rely on its own collective recollection of the evidence, contrary to defense counsel’s suggestion that the trial court should inform the jury of the availability of read-backs. We conclude that the trial court erred in two respects. First, the court erred in failing to inform the jury of its right to request a read-back in response to its request for trial transcripts. Second, because the jury made a general request for transcripts, the court erred in failing to instruct the jury to clarify which portion of the testimony the jury wished to review. Here, the trial court’s actions are subject to the standard pronounced in Johnson v. State, 53 So.3d 1003 (Fla.2010).
In Johnson, the trial court gave the jury a preemptive instruction providing that read-backs of testimony would not be permitted. 53 So.3d at 1005. The Third District Court of Appeal held that the trial court erred, but concluded that the error was harmless. Id. After agreeing that this instruction was erroneous, this Court held:
A [reviewing] court attempting to conduct a harmless error analysis [where the trial court has given an erroneous preemptive instruction] cannot know what testimony a jury would have requested to have read back or even whether a jury would have asked for a read-back at all. Therefore, a reviewing court cannot determine whether a jury was confused or needed clarification about the facts of the case, and it is impossible to discern whether the defendant was prejudiced by the error. An appellate court would be required to engage in pure speculation because if the jury followed the erroneous instruction, the jury would be misled to believe that it was not permitted to request read-backs of testimony. Because a harmless error analysis cannot be conducted when a judge preemptively instructs a jury that it cannot have any testimony read back, we hold that such error is per se reversible error.
Johnson, 53 So.3d at 1009. Similarly, in this case, we cannot ascertain which testi *847 mony the jury was interested in reviewing. Unlike Barrow, Avila, Roper, Hendricks, and Francois, where the juries requested the testimony of a specific witness or witnesses, the jury in this case merely asked for trial transcripts. Because the trial judge did not instruct the jury to clarify which portion of the transcript the jury wanted to review, we cannot determine whether the jury was confused regarding specific testimony in the case.[8] Although the record indicates that the jury had difficulty reaching a verdict in this case, it is unclear whether this difficulty was caused by the jury’s confusion as to the facts or testimony in this case. As in Johnson, this Court would have to engage in pure speculation as to the effect of the trial court’s failure to inform the jury of the possibility of a read-back or the trial court’s failure to ask which portion of the testimony it wanted to review. Therefore, the trial court committed reversible error, and accordingly, Hazuri is entitled to a new trial.
CONCLUSION
For the reasons expressed above, we quash the Third District’s decision in Ha-zuri, and approve of the reasoning applied in Barrow, Avila, and Roper, and Judge Cope’s dissent in Hazuri. As the trial court’s response to the jury’s request for trial transcripts constituted reversible error, Hazuri is entitled to a new trial.
It is so ordered.
LEWIS and PERRY, JJ., concur.
CANADY, C.J., concurs in result.
POLSTON, J., dissents with an opinion.
PARIENTE and LABARGA, JJ., recused.

. The Third District pointed out that the record did not contain the written response sent to the jury. Hazuri, 23 So.3d at 858 n. 1.

. Standard Instruction 4.4, titled "Read-Back of Testimony,” reads:
1. Read-Back granted as requested
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony)
The court reporter will now read the testimony which you have requested.
OR
2. Read-Back Deferred
Members of the jury, I have discussed with the attorneys your request to have certain testimony read back to you. It will take approximately (amount of time) to have the court reporter prepare and read back the requested testimony.
I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down as specific a description as possible of the part of the witness(es)’ testimony which you want to hear again. Make your request for reading back testimony as specific as possible.
3. Read-Back Denied
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony) I am not able to grant your request.
Fla. Std. Jury Instr. (Crim.) 4.4.

. As to the trial judge’s statement that he ‘‘[did not] do read backs,” the Fourth District held it was an abuse of discretion for a trial judge to refuse to exercise discretion, i.e., rely on an inflexible rule for a decision that is to be made with discretion. Barrow, 27 So.3d at 218.

. It is our view that the Fifth District decided this issue in Roper. See Roper, 608 So.2d at 535 ("At the very least, the trial judge should have apprised the jury that a method was available to have the cross-examination, or specific portions of it, read to them.”).

. The First District Court of Appeal decided Hendricks v. State, 34 So.3d 819 (Fla. 1st DCA 2010), review granted, 49 So.3d 746 (Fla. 2010). In that case, the jury requested a transcript as to a portion of the victim’s testimony. Id. at 821. The attorneys did not request that the trial court inform the jury of the possibility of a read-back. Id. The trial court denied the jury’s request for the portion of the transcript and instructed the jury to rely on its recollection. Id. On appeal, the First District observed that it had not yet considered in a written opinion whether a trial court commits error when it denies a jury’s request to view a portion of the trial transcript without informing the jury that a read-back of testimony may be permissible. Id. at 829-30. Although it assumed arguendo that the instruction given was erroneous, the district court in Hendricks left that question for another day. Id. at 830.

.The Fourth District has also held that it is error for a trial court to give a preemptive instruction to the jury that a read-back would not be permitted. See Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987); Biscardi v. State, 511 So.2d 575 (Fla. 4th DCA 1987). In Hahn and Biscardi, the trial court stated that "there is really no provision” for reinstruction or to have testimony read back. Hahn, 511 So.2d at 591; Biscardi, 511 So.2d at 580. In Hahn, the district court stated, ”[W]e have to assume, as reasonable people, that some, or all, of the jury so understood the trial court’s remarks to mean [a prohibition on a read-back or reinstruction] existed.” 511 So.2d at 591. In Biscardi, the Fourth District stated, ”[T]he judge’s words may reasonably have conveyed to jurors that to ask for clarification of instructions or rereading of testimony would be futile. As a result they may have reacted as they did because they misapprehended the law or had a distorted recollection of some of the testimony.” 511 So.2d at 581. In the instant case, the trial judge did not provide a preemptive instruction to the jury that a read-back of testimony would not be permitted.

. A request for transcripts of witness testimony should not be confused with a request for an answer to a specific factual question. Pursuant to this Court’s Coleman decision, trial judges are not required to answer factual questions. 610 So.2d at 1286. Moreover, a request to review witness testimony allows the jury to fulfill its own fact-finding role, while asking a question of fact invites the trial judge to fill that role. Notably, the Fifth District in Frasilus stated that in response to a factual question, requiring the trial court to inform the jury of the right to a read-back request is neither necessary nor desirable. 46 So.3d at 1032. However, that specific issue does not need to be decided by this Court in this case.

. Notably, in Johnson this Court recognized that a harmless error analysis is appropriate where a judge refuses a jury’s request for a specific read-back of testimony. Johnson, 53 So.3d at 1006 n. 4. Again, the jury in this case only made a general request for transcripts.