EVANDER, J.
Marcus Johnson timely appeals his convictions for armed burglary of a dwelling with an assault or battery and two counts of robbery with a firearm. We are compelled to reverse because of the trial court’s improper response to the jury’s request for a read-back of trial testimony.
The record reflects that during deliberations, the jury sent a note asking: “Would it be possible for us to get anything read back by the court reporter?” During the subsequent conference with counsel, the trial judge stated “I don’t do [read-backs].” Over defense counsel’s objection, the trial court then responded to the jurors’ question by advising them “to rely upon their collective memories of the testimony.”
Our decision is controlled by the Florida Supreme Court’s recent decision in Hazuri v. State, 91 So.3d 836 (Fla.2012). In Ha-zuri, the jury requested a trial transcript. Defense counsel recommended the trial court advise the jurors that although they were not entitled to receive transcripts, they could request the trial court have the court reporter read back testimony. Instead, over objection, the trial judge instructed the jurors to rely on their own collective recollection of the evidence. The Hazuri court held that notwithstanding a trial court’s broad discretion in determining whether to grant a read-back request, it may not use language “that would mislead a jury into believing read-backs are prohibited.” Id. at 846. As a result, the supreme court determined that Hazuri was entitled to a new trial. The relevant facts here are indistinguishable from those present in Hazuri. Accordingly, Johnson is entitled to a new trial.
We reject Johnson’s second argument— to-wit, that the sentence imposed by the trial court evidenced a presumption of vindictiveness.
AFFIRMED, in part; REVERSED, in part; REMANDED for new trial.
COHEN and JACOBUS, JJ., concur.