IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SAMUEL CONNELY,

      Appellant,

 v.                                                                      Case No.  5D16-2217

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 16, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Samuel Connely, Malone, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton, Assistant
Attorney General, Daytona Beach, for Appellee.

EDWARDS, J.

Appellant, Samuel Connely, appeals the postconviction court's order denying his

motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  Appellant

alleged eight grounds in his motion—each asserting ineffective assistance of counsel.

The postconviction court summarily denied all of Appellant's claims.  Grounds 2, 4, 5, 6,

and 7 are conclusively refuted by the portions of the record that the postconviction court

attached to its order. Appellant did not address Ground 8 in his brief; therefore, it is deemed abandoned. *See Ward v. State*, 19 So. 3d 1060, 1060 (Fla. 5th DCA 2009).

We reverse and remand for further proceedings as to Ground 1, which asserted that counsel was ineffective for failing to strike a juror for cause who purportedly stated that he or she could not be fair and impartial due to a personal moral opposition to gun violence. The postconviction court stated that "the record of the voir dire proceedings . . . demonstrates that none of the potential jurors expressed such sentiment"; however, none of the attached records pertain to jury selection, and the index indicates that jury selection was not transcribed.

We also reverse and remand for further proceedings as to Ground 3. In Ground 3, Appellant asserted that counsel was ineffective for failing to object to the trial court's answer to a jury question concerning witness testimony and by failing to request that the trial court inform the jury that the court reporter could read back witness testimony. The postconviction court correctly noted that the Florida Supreme Court's decision in *Hazuri v. State*, 91 So. 3d 836, 845 (Fla. 2012), which held that the jury must be instructed that it can request read back of testimony, was issued after Appellant's trial. The postconviction court also cited to our decision in *Frasilus v. State*, 46 So. 3d 1028, 1030-31 (Fla. 5th DCA 2010), in which we acknowledged, prior to *Hazuri*, that there was disagreement among some of the district courts of appeal as to when a trial court must inform the jury that certain testimony could be read back to them. We noted that *Frasilus* differed from the conflicting cases because the jury in *Frasilus* did not request either trial transcripts or a read-back, but instead asked a factual question of when a possibly relevant picture was taken. *Frasilus*, 46 So. 3d at 1030-31.

In an earlier case, *Roper v. State*, 608 So. 2d 533, 535-36 (Fla. 5th DCA 1992), we held that the trial court erred by not apprising the jury that, while transcripts were not available, the jury could have testimony read back to them on request, subject to the trial court's discretion on whether to grant such a request. There may have been one or more strategic reasons in this case for defense counsel's decision not to request a read-back. However, whether the failure to request a read-back of the testimony constituted ineffective assistance of counsel was not conclusively refuted by the records attached in this case.

Accordingly, we affirm the order below as to Grounds 2, 4, 5, 6, and 7; find that Ground 8 was abandoned; and remand as to Grounds 1 and 3 for the postconviction court to either attach portions of the record that conclusively refute those grounds or to conduct an evidentiary hearing.

AFFIRMED in part; REVERSED in part; and REMANDED.


PALMER and TORPY, JJ., concur.