# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-424
Lower Tribunal No. 12-15695
_____


**Freddy Castellon-Lopez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

ROTHENBERG, C.J.

Freddy Castellon-Lopez ("the defendant") appeals his convictions and sentences on the grounds that (1) unobjected-to and allegedly improper prosecutorial remarks constituted fundamental error, and (2) the trial court abused its discretion when it told the jury that it could not have a read-back of trial testimony. After carefully reviewing the record and the law, we affirm.

We find no fundamental error in the allegedly improper prosecutorial remarks because the remarks did not vitiate the fairness of the trial, and we decline to discuss them further. See Chandler v. State, 702 So. 2d 186, 191 n.5 (Fla. 1997) (finding no fundamental error and stating that some of the prosecutor's comments about the defendant and his counsel "were thoughtless and petty . . . but not so prejudicial as to vitiate the entire trial"); Rodriguez v. State, 210 So. 3d 750, 754 (Fla. 5th DCA 2017) ("Fundamental error in closing arguments occurs when the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury.") (quotation omitted); McPhee v. State, 117 So. 3d 1137, 1139 (Fla. 3d DCA 2012).

The defendant next argues that the trial court abused its discretion by denying the jury's request for a read-back of the defendant's and the victim's trial testimony. However, this is not actually what occurred. The jury requested a **copy**

2

of the transcripts of the two witnesses. The trial court denied the jury's request for copies, but informed the jury members of the following:

> Members the jury of [sic] we have received your note requesting the testimony of the victim and of the defendant. Please understand at this time there are no transcripts of the testimony of the trial [sic] had been prepared and would be extremely burdensome and impractical to watch the court reporter to read a witness's entire testimony from the reporter's stenographic notes. If you can identify a very specific portions of the testimony that you wish to have read to you I can ask the court reporter to attempt to do that. Other than as to such very specific portions, however, I ask that you rely on your recollection.

First, we note that the trial court correctly denied the request for copies of the transcripts. See Hazuri v. State, 91 So. 3d 836, 841 (Fla. 2012) (stating that "trial judges have absolutely no discretion in permitting a jury to receive physical transcripts"). Second, the trial court's remarks to the jury were entirely appropriate. Pursuant to Hazuri, if a trial court receives a general request for transcripts, then it must inform the jury that it cannot provide them with transcripts, explain that the court may provide the jury with read-backs of trial testimony, and instruct the jury to specify which portions of the testimony it wishes to review. Id. at 846. (adopting the following two rules: "(1) a trial court should not use any language that would mislead a jury into believing read-backs are prohibited, and (2) when a jury requests trial transcripts, the trial judge should deny the request, but inform the jury of the possibility of a read-back.").

The trial court complied with these requirements. Rather than misleading the jury into believing that read-backs are prohibited, the trial court specifically informed the jury that a read-back is permitted, and asked the jury to specify what portions of the testimony it would like to hear. Lastly, we note that the trial court's offer to have whatever portions of the testimony the jury requested read back to them was more than what defense counsel requested. Defense counsel requested that the trial court merely instruct the jury to rely on its recollection of the evidence. Accordingly, we find that the trial court did not abuse its discretion. Francis v. State, 808 So. 2d 110, 130 (Fla. 2001) (stating that "courts have found no abuse of discretion even where the trial judge has, without much consideration, entirely rejected the jury's request for a read back"). We find that the defendant's remaining arguments are without merit, and we therefore decline to specifically address them.

Affirmed.