COHEN, J.
Allihondra Moody appeals from the judgment and sentence entered after a jury found him guilty of attempted first-degree murder -with a firearm, attempted second-degree murder, retaliating against a witness causing bodily harm, and possession of a firearm by a convicted felon. On appeal, Moody argues that the trial court erred in refusing to allow any read-back requests by the jury. We agree and reverse.
In both its opening statement and closing argument at trial, the State informed the jury that it would not be allowed any read-back of testimony. In overruling Moody’s objections, the trial judge stated that read-backs were not permitted in her courtroom. Moody correctly argues that this ruling constituted per se reversible error.
The case law on this issue is clear. In Johnson v. State, 53 So.3d 1003 (Fla.2010), the Florida Supreme Court, in a four-to-three decision, held that the trial court committed per se reversible error by instructing the jury, over the defense’s objection, that it could not have testimony read back during deliberations. The dissenting justices did not dispute that such a ruling was error; rather, they believed that the error should not automatically result in a new trial and instead should be analyzed under the harmless error test.
On appeal, the State argues that Johnson is inapplicable because it addressed the trial judge’s instructions to the jury, not misstatements of the law by counsel. This argument is unavailing. The assistant state attorney, who no doubt practiced before this trial judge on a regular basis, was well aware of the judge’s policy. On three separate occasions, the prosecutor made sure that the jury understood that it would not be allowed to have trial testimony read back during deliberations. When the defense properly objected, the trial judge reiterated her policy and overruled the objection. In doing so, the judge placed her imprimatur upon the State’s informing the jury that no read-backs would be permitted. We view the trial court’s overruling of the defense’s objection as the functional equivalent of the jury instruction disapproved in Johnson. In our view, the. same harm addressed in Johnson was present in Moody’s trial.[1]
The jury plays an especially important role in a trial: Whether in the civil or criminal context, jurors make difficult decisions that have a profound impact on the parties’ lives. To that end, and not without some controversy, we have provided juries some tools to make that task easier. We allow them to take notes and, within reason, to ask questions of witnesses. We do so, understanding that such accommodations can lengthen a trial with potential consequences to a trial court’s docket. Read-back of testimony can have the same impact, but it is a price that we are willing to pay to give jurors all the help we can in making such important decisions. While trial courts have some discretion in deciding whether to allow the read-back of testimony, it cannot be said that the trial judge in the instant case exercised her discretion. Rather, the judge imposed a blanket policy that prohibited any read-back of testimony. Such a policy runs afoul of the supreme court’s holding in Johnson. Accordingly, we reverse and remand for a new trial.
*702 REVERSED and REMANDED FOR NEW TRIAL.
SAWAYA and ORFINGER, JJ., concur.

. We note that we have issued an opinion addressing a somewhat similar issue in a case involving the same trial judge who presided over the trial in the instant case. See Johnson v. State, 97 So.3d 319 (Fla. 5th DCA 2012). To be fair, however, Moody’s trial occurred before the release of that opinion.