EVANDER, J.
Delestre timely appeals his convictions for possession of a firearm by a convicted felon and possession of heroin. He contends that the trial court committed fundamental error by denying the jury’s request to receive a transcript of the trial testimony without informing the jury of its right to seek a read-back of trial testimony. We affirm.
The record reflects that during its deliberations, the jury requested transcripts of “all the testimony.” With the agreement of both the State and the defense, the trial court advised the jury that it “was not going to have all the testimony read back but they were to rely upon the collective memory of the jury in determining what the testimony was.” Notwithstanding his consent to the trial court’s response, De-lestre contends that the trial court committed reversible error. We disagree.
Based on the Florida Supreme Court’s recent decisions in Hazuri v. State, 91 So.3d 836 (Fla.2012) and State v. Barrow, 91 So.3d 826 (Fla.2012), it is clear that if a jury requests transcripts[1] of trial testimony, the trial court is to consider such a request as one seeking a read-back of trial testimony. Hazuri, 91 So.3d at 845 (‘Whether a jury asks for transcripts of witness testimony or rather uses the term ‘read-back,’ it is clear that the jury is requesting a review of trial testimony. A jury is composed of laypersons often unfamiliar with legal terms of art, and there should be no magic words required for a read-back request, especially when the intent of the jury’s request for transcripts is clear.”). See also Barrow, 91 So.3d at 834. And while a trial court has broad discretion in determining whether to grant a jury’s read-back request, it may not, over objection, simply instruct the jurors to rely on their own collective recollection of the evidence so as to possibly mislead the jurors into believing that read-backs are pro *1028 hibited. Hazuri, 91 So.3d at 846; see also Barrow, 91 So.3d at 834.
Indeed, in Hazuri and Barrow, our supreme court adopted two rules that are to be applied by a court when responding to a jury request for transcripts. First, a trial judge should not use any language that would mislead a jury into believing that read-backs are prohibited. Second, when denying a request for transcripts, the trial judge is to inform the jury of the possibility of a read-back. See Hazuri 91 So.3d at 846; Barrow, 91 So.3d at 834.
It is significant that in both Hazuri and Barrow, defense counsel specifically sought to have the trial court advise the trial jury of its right to request a read-back. See Hazuri, 91 So.3d at 839; Barrow, 91 So.3d at 831. By contrast, in the instant case, not only was there no objection to the trial judge’s proposed response to the jury’s request, but defense counsel affirmatively agreed to the same. Thus, the issue we confront is whether the trial court’s inadequate response to the jury request constituted fundamental error.
The Florida Supreme Court has cautioned that “[t]he doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Smith v. State, 521 So.2d 106, 108 (Fla.1988). This court previously stated that it would be difficult to conceive that a court’s failure to inform the jury of its right to request a read-back would be fundamental error. Frasilus v. State, 46 So.3d 1028, 1031 (Fla. 5th DCA 2010). One reason for appellate courts’ reluctance to find fundamental error is to discourage the creation of “gotchas” whereby the defense is allowed to sit on its rights and say nothing until after it sees whether the jury returns an adverse verdict. Hendricks v. State, 34 So.3d 819, 830 (Fla. 1st DCA 2010). Furthermore, the failure of a defense attorney to request instructions on the availability of a read-back may well be strategic. See Frasilus, 46 So.3d at 1032; Hendricks, 34 So.3d at 832. Defense counsel may well believe that it would not be in the defendant’s best interest to have certain testimony emphasized.
Accordingly, we decline to find fundamental error in the trial court’s failure to advise the jury of the availability of a read-back when denying the jury’s request to receive transcripts of trial testimony.
AFFIRMED.
ORFINGER, C.J. and GRIFFIN, J., concur.

. The general rule in Florida is that trial judges may not permit jurors to receive physical transcripts of trial testimony. Hazuri, 91 So.3d at 841.