COHEN, J.
Frank Romero appeals his convictions for two counts of lewd or lascivious molestation and one count of lewd or lascivious conduct. We affirm as to all issues raised on appeal, but write to address the trial judge’s handling of the jury’s request for trial transcripts.
After beginning deliberations, the jury asked a series of questions, one of which was whether transcripts of the testimony were available.[1] The prosecutor and the court responded that transcripts were not available. Although defense counsel suggested that the testimony could be read back, when the trial judge summarized his proposed answers to the various questions propounded — including informing the jury that transcripts were unavailable — defense counsel assented to those answers.
Romero relies on Hazuri v. State, 91 So.3d 836 (Fla.2012), to argue that his conviction must be reversed. In Hazuri, the Florida Supreme Court explained that a trial judge should not use any language that would mislead a jury into believing that read-backs are prohibited. Id. at 845-46. Simply informing the jury that transcripts are unavailable does just that. When a jury inquires about the availability of trial transcripts, the judge should instruct the jury that transcripts are unavailable but that the jury can request to have any testimony read back. Id. at 846. The judge should also ask the jury to specify which testimony they wish to review. Id. This clarification is required so that the trial judge may appropriately exercise his or her discretion in ruling on any read-back requests. Id.
Romero correctly notes that the trial court neither informed the jury of the possibility of a read-back nor asked the jury to specify which testimony they want *1263 ed to review. The technological issues involved when proceedings are recorded, rather than taken down stenographically, are not insurmountable. Digitally recorded- courtrooms are monitored to ensure that a record is produced. Playbacks of testimony vary depending upon the jurisdiction: some replay testimony from the digital server directly back into the courtroom, while others place the required testimony on a DVD or flash drive, which can be played back to the jury. None of the techniques utilized are uncommon or particularly time consuming, other than the read-back itself.
Romero is also correct that “a harmless error analysis cannot be conducted when a judge preemptively instructs a jury that it cannot have any testimony read back”; therefore, “such error is per se reversible error.” See id.; see also State v. Barrow, 91 So.3d 826, 834-35 (Fla.2012). Both Hazuri and Barrow, however, involved scenarios in which the blanket denial of a request for a read-back was preserved by objection. Here, Romero failed to preserve this issue for review.
In Delestre v. State, 103 So.3d 1026, 1028 (Fla. 5th DCA 2012), this Court held that a challenge to a trial court’s refusal to consider a read-back of testimony must be preserved by objection. When the error is not preserved, reversal is appropriate only when the trial court’s response constitutes fundamental error. As stated in Delestre, “[t]he doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Id. (citing Smith v. State, 521 So.2d 106, 108 (Fla.1988)). We conclude that the trial court’s response in this case did not constitute fundamental error. Cf. Gonzalez v. State, 136 So.3d 1125, 1147 (Fla.2014).
AFFIRMED.
LAWSON, C.J., and SAWAYA, J., concur.

. The trial was digitally recorded.