IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHYLLIS BROWN,

      Appellant,

 v.                             Case No.  5D16-2232

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 16, 2016

3.850 Appeal from the Circuit
Court for Seminole County,
Marlene M. Alva, Judge.

Phyllis Brown, Ocala, pro se.

No Appearance for Appellee.


PER CURIAM.

Appellant, Phyllis Brown, appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which she set forth six claims of ineffective assistance of trial counsel.

In ground one, Appellant asserted that trial counsel did not properly prepare for trial. For example, he allowed the State to enter exhibits into evidence that defense counsel did not previously see. Appellant does not state how the admission of this evidence prejudiced her, making ground one legally insufficient. We reverse the trial

court's denial of ground one with instructions to afford Appellant at least one opportunity to amend the claim to make it legally sufficient. Fla. R. Crim. P. 3.850(f)(3).

In ground two, Appellant points out that during deliberation, the jury asked to review the victim's testimony. The trial court answered that "there [was] no transcript." Appellant claims that her counsel was ineffective by failing to object to the court's response, and by failing to request that the judge inform the jury that the court reporter could read back the desired testimony. *See Romero v. State*, 169 So. 3d 1261, 1263 (Fla. 5th DCA 2015) (holding that a challenge to the trial court's refusal to consider a read-back of testimony must be preserved by objection). In ruling on the rule 3.850 motion, the postconviction court did not address this second ground on the merits nor did it attach records conclusively refuting this claim. Accordingly, we reverse the postconviction court's denial of ground two and remand so that the postconviction court can address the merits of the claim and either attach records conclusively refuting the claim or conduct an evidentiary hearing.

In ground three, Appellant argues that she was dissatisfied with how defense counsel handled witness Newton; however, she does not specify how her counsel was ineffective or how she was prejudiced. We find that ground three is facially insufficient. Thus, the postconviction court's denial is reversed, and we remand to provide Appellant the opportunity to amend this claim to make it legally sufficient. Fla. R. Crim. P. 3.850(f)(3).

We affirm the postconviction court's denial of Appellant's grounds four, five, and six without further discussion.

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.

LAWSON, C.J., ORFINGER and EDWARDS, JJ., concur.