IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDWARD JAMES MITCHELL,

      Appellant,

 v.                                  Case No.  5D16-1022

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed December 22, 2016

Appeal from the Circuit Court
for Marion County,
Willard Pope, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, J.

Edward Mitchell appeals his convictions for sale and possession of a controlled

substance. At trial, the State called a crime laboratory analyst from the Florida

Department of Law Enforcement who confirmed the substance allegedly possessed and

sold by Mitchell contained cocaine. After the State established the witness's qualifications

and experience, the State moved to have the witness "declared an expert in the field of

controlled substance analysis." Mitchell's counsel confirmed that there were no objections

to the witness's expert qualifications. The court then stated, in the presence of the jury, "All right. She'll be received and designated as an expert witness in that field." Mitchell argues that the trial court's declaration that the witness was an expert was fundamental error. We disagree.

Mitchell concedes that he did not preserve this issue with a proper objection. For this Court to reverse an unpreserved error, the error must be "fundamental"—it must "reach down into the validity of the trial itself." Ramroop v. State, 174 So. 3d 584, 589–90 (Fla. 5th DCA 2015) (quoting Randolph v. State, 853 So. 2d 1051, 1068 (Fla. 2003)). Fundamental error applies only to those "rare cases . . . where the interests of justice present a compelling demand for its application." Delestre v. State, 103 So. 3d 1026, 1028 (Fla. 5th DCA 2012) (quoting Smith v. State, 521 So. 2d 106, 108 (Fla. 1988)).

In Osorio v. State, 186 So. 3d 601 (Fla. 4th DCA 2016), rev. denied 2016 WL 1749455 (Fla. May 3, 2016), the Fourth District Court of Appeal held that the trial court's statement accepting a witness as an expert in the presence of the jury constituted error. The trial court declared to the jury that the State's witness was "an expert in the field, and [could] give opinion testimony, and hypotheticals in the field of being a forensic chemist." 186 So. 3d at 608 (alteration in original).[1] The appellate court reasoned that by engaging in this "tender and accept" process, whereby the court implicitly or explicitly commented on the witness's status as an "expert," the court violated section 90.106, Florida Statutes (2016), which prohibits it from commenting on "the credibility of the witnesses." Id. at 609.

---

[1] In Osorio, the court reversed Osorio's convictions for drug possession on three separate grounds, including the trial court's declaration that the State's forensic chemist was an expert. The court in Osorio does not discuss fundamental error, implying that the issues were properly preserved.

The court pointed out that several other jurisdictions, federal courts of appeal, and the advisory committee to the Federal Rules of Evidence have criticized this process and recommended that the judge limit his or her comments to simply denying an objection to the witness's testimony. See id. at 608–10 (compiling authority). Yet, other jurisdictions have taken a more lenient approach to the issue, allowing trial courts to accept a witness as an expert. E.g., In re C.W.D., 501 S.E.2d 232, 239 n.2 (Ga. Ct. App. 1998); Kihega v. State, 392 S.W.3d 828, 835 (Tex. App. 2013).

While we agree that it is the better practice for the court to avoid declaring the witness an expert in the presence of the jury, we do not believe that this "tender and accept" process necessarily equates to commenting on the witness's testimony or placing the court's imprimatur on the witness in violation of section 90.106. The standard jury instructions address expert witnesses and provide sufficient protections for the defendant.[2] The instructions inform the jury that they have received testimony from an expert but that all witnesses are treated alike, except that experts may provide opinion testimony. The jury instructions further clarify that, as with all witnesses, the jury is free to believe or disbelieve all or any part of the expert witness's testimony. The designation of a witness as an expert does not reflect on that witness's credibility, as the jury instructions explain.

We believe that it is overly formalistic to presume that the mere acceptance of a witness as an expert constitutes a comment on the credibility of the witness. This is

---

[2] The instructions provide that the jury "may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case." See Standard Jury Instructions-Criminal Cases (99-2), 777 So. 2d 366, 375 (Fla. 2000).

3

particularly true given that the jury instructions specifically address the role of expert witnesses at trial, and juries are presumed to follow their instructions. See Hurst v. State, 202 So. 3d 40 (Fla. 2016). Thus, we disagree with Osorio that a trial court's declaration that a witness is an expert is error.[3]

Even if we were to assume that the trial court's declaration was error in this case, any error would not be fundamental. Mitchell's defense at trial had nothing to do with the qualifications of the State's chemist or the validity of the tests performed. Counsel for Mitchell asked three questions of the State's chemist, none of which related to the nature or validity of her exam. The trial court's only comment—"All right. [The State's witness will] be received and designated as an expert witness in [the field of controlled substance analysis]"—did not affect the validity of the proceedings. In this situation, Mitchell is far from reaching his burden of establishing fundamental error. Accordingly, we affirm Mitchell's convictions.

AFFIRMED.

SAWAYA and EDWARDS, JJ., concur.

---

[3] Despite our disagreement with Osorio, we do not certify conflict because our holding is limited to the absence of fundamental error. There is no indication in Osorio that the court considered the error fundamental. On this point, our two decisions do not conflict.