PER CURIAM
Appellant raises four issues in this direct criminal appeal. We affirm issues I, II, and IV without discussion, and we affirm issue III based on Norfleet v. State, Case No. 1D16-1971 (Fla. 1st DCA June 27, 2017), and Mitchell v. State, 207 So.3d 369 (Fla. 5th DCA 2016), because the trial court’s declaration in front of the jury that certain state witnesses were “experts” did not rise to the level of fundamental error[1] in this case,
AFFIRMED.
WETHERELL, RAY, and MAKAR, JJ., CONCUR.

. We reject Appellant's contention that defense counsel’s objection to the prosecutor's tender of Dr. Pena as an expert preserved the issue raised on appeal (at least as to Dr. Pena) because it is clear from the language and context of the objection and the subsequent voir dire of Dr. Pena that defense counsel was objecting to the doctor’s qualification to testify as an expert, not the fact that the trial court was being asked to declare the doctor to be an expert in front of the jury. See Harrell v. State, 894 So.2d 935, 940 (Fla. 2005) ("[Pjroper preservation entails three components. First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.' ”) (quoting Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982)).