KAHN, J.
Appellant, John Yok, raises two issues on appeal of his conviction for sexual battery. Initially, Yok asserts that the trial court erred in denying his motion for mistrial after the prosecutor stated during closing argument that the victim was “honest and straightforward” while testifying. When reviewed in context, we do not find that the comment constitutes improper bolstering on the part of the prosecutor. “Improper bolstering occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness’s testimony.” Hutchinson v. State, 882 So.2d 943, 954 (Fla.2004). Here, we agree with trial court’s conclusion that the prosecutor’s isolated comment simply urged the jury to find the victim honest and straightforward “on the state of the evidence” before it.
Next, appellant argues that the trial court should have granted a mistrial when the prosecutor, during rebuttal summation, argued that when appellant spoke to the police he could have avoided “the chaos, the calamity, and the conflict” (an alliteration authored by defense counsel during closing argument). Again, viewed in context, we find neither improper commentary on appellant’s right to remain silent, nor a reference to matters outside the evidence. Appellant gave a full statement to the police and testified at trial to his version of events. “The prohibition against commenting on a defendant’s silence does not apply when the defendant does not invoke his Fifth Amendment right-” Hutchinson, 882 So.2d at 955. Given defense counsel’s repeated references during closing argument to “conflict, chaos, and calamity,” we conclude that the prosecutor’s like reference during rebuttal represented nothing more than commentary on appellant’s trial testimony and pri- or statements.
AFFIRMED.
ERVIN and BARFIELD, JJ., CONCUR.