# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1174
Lower Tribunal No. 13-29805
_____


**James Ramey,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

James Ramey, the defendant, appeals his conviction of attempted robbery. The only witnesses who testified at trial were the victim and the police officer who encountered the victim as he was running away from the defendant. On appeal, the defendant argues that the State improperly bolstered the testimony of the victim. We affirm.

The bolstering argument is without merit. "Improper bolstering occurs when the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." Spann v. State, 985 So. 2d 1059, 1067 (Fla. 2008) (citations omitted). Here, the victim admitted on cross-examination that he had been convicted of two felonies. The defense used the evidence of the victim's prior criminal record to attack the victim's credibility:

> And [the victim], yes, was very honest about his convictions because he doesn't really have a choice. He's been convicted twice, he's on felony probation. What is [the victim] going to say when this undercover cop pulls up and says hey, what's going on? Is he going to say oh, I sold him some acid two days ago or yesterday and it wasn't any good, or I didn't give it to him and he gave me ten dollars? Of course not. He's not going to say that. That's going to land him right back in federal lockup. Does he have a reason to stick to that story? Absolutely. If he says anything different now, he's violating his federal probation. Does he have a reason to lie to you? I would say most certainly yes.

In rebuttal, the prosecutor responded that "[the victim] got on the stand, he was honest with you. He told you the terms of his probation. He does not have a

motive to lie." The prosecutor's argument that the victim was honest was no more than a direct counter to the defense's argument that the victim was dishonest. Taken in context, no improper bolstering occurred. See Yok v. State, 891 So. 2d 602, 603 (Fla. 1st DCA 2005) ("[The defendant] asserts that the trial court erred in denying his motion for mistrial after the prosecutor stated during closing argument that the victim was 'honest and straightforward' while testifying. When reviewed in context, we do not find that the comment constitutes improper bolstering on the part of the prosecutor."). Moreover, the trial court reminded the jury—before both the opening and closing arguments—that what the lawyers say is argument, not evidence.

We find that the other error raised was not properly preserved.

Affirmed.