# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-68
Lower Tribunal No. 09-32511A
_____

**Deon Byrd,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Deon Byrd, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

ROTHENBERG, J.

The defendant, Deon Byrd, appeals the trial court's order denying his motion and supplemental motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's thorough and well-reasoned order.

On March 9, 2012, the defendant was found guilty of second degree murder and possession of a firearm by a convicted felon, which this Court affirmed on direct appeal. Byrd v. State, 150 So. 3d 1152 (Fla. 3d DCA 2014). In the defendant's timely filed motion and supplemental motion for postconviction relief, he raised nine separate grounds attacking actions attributable to the State, the trial court, and the defendant's trial counsel. Because the grounds asserted against the State and the trial court were reviewable on direct appeal, and thus not subject to collateral attack by postconviction relief, we affirm the trial court's order as to those claims. Specifically, we find that claims I, V, VI, and a portion of claim II fall into this category.[1]

We now address the remaining claims, all of which allege ineffective assistance of trial counsel.

Claim II—Trial counsel's failure to object to the trial court's failure to offer to read back certain testimony

---

[1] Claim I alleges that the State's preemptory challenges were exercised in a discriminatory manner; claims V and VI relate to alleged jury instruction errors; and claim II alleges, in part, the trial court's failure to offer to read back certain testimony based on a question posed by the jury.

2

During jury deliberations, the jury submitted the following question to the trial court: "What color shorts did Cormelia Hawkins [a State witness] specify the defendant was wearing at her house?" Although the jury did not request either a transcript or a "read-back" of Hawkins testimony, the defendant argues that his trial counsel provided ineffective assistance of counsel by not objecting to the trial court's failure to offer to read back the testimony to the jurors and its instruction to the jurors to rely on their recollections of the evidence. However, to prevail on a claim of ineffective assistance of counsel, a defendant must establish that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Crain v. State, 78 So. 3d 1025, 1033 (Fla. 2011). Because the defendant has not demonstrated the requisite prejudice and deprivation of his right to a fair trial, we find no error with regards to the trial court's order denying this claim.[2]

---

[2] Although not dispositive in this case, because the defendant has failed to demonstrate that his trial counsel's failure to object to the trial court's instruction to the jurors to rely on their recollection of the evidence without offering to read-back the testimony prejudiced the defendant so as to have deprived him of a fair trial, we believe that a distinction can and should be made between a jury request for a transcript or a read-back of a witnesses' trial testimony and a fact question directed to the trial court. First, we note that in Hazuri v. State, 91 So. 3d 836 (Fla. 2012), the Florida Supreme Court limited its analysis and holding to a jury's request for a transcript. Noting that transcripts may be read to the jury but they may not be provided to the jury during its deliberations, id. at 841-42, and that jurors are generally lay people "often unfamiliar with legal terms of art," id. at 845, the Court concluded that when a jury requests a trial transcript, the trial court

<u>Claim III—Trial counsel's failure to object to the manslaughter instruction provided to the jury</u>

We find this claim devoid of merit. The manslaughter instruction provided by the trial court in this case did not contain the objectionable language initially identified or addressed by the Florida Supreme Court in <u>State v. Montgomery</u>, 39 So. 3d 252, 259-60 (Fla. 2010). The instruction given was the corrected Florida <u>Standard Jury Instruction (Crim.) 7.7 approved by the Florida Supreme Court: "In</u> should deny the request but inform the jury of the possibility of a read-back. <u>Id.</u> at 846. Second, a question of fact directed to the trial court is significantly different than a request for a transcript. A fact question directed to the trial court is a request by the jury for the trial court to insert itself into the jury deliberations and to resolve a conflict or questions about the evidence. In such cases, the trial court should not be required to inform the jury that he or she is not permitted to comment on the evidence but that the jurors may request that the testimony of a witness be read back to them in open court. Such a requirement would be confusing and could lead to undesirable consequences. For example, some fact questions may rest on a combination of the testimony of one or more witness and physical evidence. An offer to read back certain testimony to the jury, may require an evaluation of all of the evidence, which would, again, thrust the trial court into the deliberation process. Thus, we agree with the Fifth District Court of Appeal in <u>Frasilus v. State</u>, 46 So. 3d 1028 (Fla. 5th DCA 2010), that Florida Rule of Criminal Procedure 3.410 does not require, and should not be extended to require, the trial court to inform the jury that it may request a read-back of the testimony when the jury poses a fact question to the trial court. <u>See</u> <u>Frasilus</u>, 46 So. 3d at 1032 stating:

> We do not think it is either necessary or desirable to impose a requirement on the trial court to inform the jury of its right to request a read-back in response to any question from the jury concerning an issue of fact that may have been the subject of testimony somewhere during the course of the trial. . . . Because a trial court is not required to accede to a jury's request for a read-back of evidence it has already heard, it is difficult to imagine circumstances under which a trial court's failure to advise the jury of its right to request a read-back could vitiate the fairness of the entire trial.

4

order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death."

<u>Claim IV—Trial counsel's failure to object to the State's closing argument</u>

The defendant claims that during closing arguments, the prosecutor bolstered the testimony of an eyewitness by vouching for the witness's credibility. This claim is refuted by the record. Referring to the evidence presented, arguing that the evidence was consistent with other evidence in the case, and noting the lack of evidence of a witness's motive to lie do not constitute bolstering. <u>Yok v. State</u>, 891 So. 2d 602, 603 (Fla. 1st DCA 2005) (concluding that the prosecutor's statement in closing arguments urging the jury to find that the witness was credible ("honest and straight-forward") based on the evidence did not constitute improper bolstering).

<u>Claim VIII—Trial counsel's failure to object to the "principal" instruction given to the jury</u>

The defendant claims that the trial court erred by instructing the jury on "principals" because the information did not charge him as a principal and that his trial counsel provided ineffective assistance of counsel by failing to object. There is no requirement, however, that the charging document specifically allege that the defendant acted as a principal in order for the State to pursue and the jury to be instructed on principals. <u>See</u> <u>State v. Larzelere</u>, 979 So. 2d 195, 215 (Fla. 2008).

5

<u>Claim VIII—Trial counsel's failure to object to the trial court's omission of the definitions of justifiable and excusable homicide when charging the jury</u>

While it is true that the trial court erred by failing to provide the jury with the standard jury instruction for the definitions of justifiable and excusable homicide, we do not find that this omission constitutes fundamental error or prejudice sufficient to have deprived the defendant of a fair trial. The issue in this case was not whether the homicide was justifiable or excusable, but rather, whether the defendant was the person who committed the homicide. Thus, the error was not fundamental error. <u>See</u> <u>Pena v. State</u>, 901 So. 2d 781, 787 (Fla. 2005) (finding that the trial court did not commit fundamental error where the defendant did not request those instructions and justification or excuse were not material issues); <u>Franco v. State</u>, 901 So. 2d 901, 904 (Fla. 4th DCA 2005) (holding that the trial court's failure to provide a justifiable or excusable homicide instruction was not fundamental error where there was no evidence that the homicide was justifiable or excusable). Because the defendant has not demonstrated a reasonable probability that with the inclusion of these instructions, the jury would have had a reasonable doubt as to his guilt, as required under the second prong of the <u>Strickland</u> analysis, we do not find that the defendant's trial counsel's failure to object constitutes ineffective assistance of counsel. <u>Strickland</u>, 948 So. 2d at 617.

<u>Claim IX—Trial counsel's failure to object to the inclusion of the "self-defense" instruction</u>

6

The defendant claims that his trial counsel provided ineffective assistance of counsel by failing to object to the inclusion of the "self-defense" instruction with the other instructions provided to the jury. As previously stated, the defendant's defense in this case was not that his actions were either justifiable or excusable, but was instead based on a theory of mistaken identification—that he was not the person who committed the crime. Thus, the defendant presently contends that the inclusion of the "self-defense" instruction was irrelevant, not that the instruction given was infirm. The defendant, however, has not articulated any prejudice, nor have we found any, which resulted from this allegedly irrelevant instruction. Therefore, the defendant has not met his burden under the Strickland analysis, and he has not established ineffective assistance of counsel requiring a new trial.

## CONCLUSION

Because the defendant has failed to meet his burden of establishing that his trial counsel's performance was deficient and that the deficiency prejudiced his defense such that there is a reasonable probability that but for the claimed errors the proceeding would have been different, we affirm. Strickland, 466 U.S. at 694.

Affirmed.