# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2746
Lower Tribunal No. 17-5405
_____

**Mario Mendez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and LOGUE, JJ.

EMAS, J.

## INTRODUCTION

We affirm the judgment and sentence below, finding no merit in appellant's contention that the trial court abused its discretion in reading back to the jury a specific portion of the victim's trial testimony in response to a jury note sent to the judge during deliberations.

## BACKGROUND

Mario Mendez was charged with committing an aggravated battery with great bodily harm upon Luisa Donaile, and a battery upon Ms. Donaile's fiancé, Reynaldo Araujo. It was alleged that Mendez stabbed Ms. Donaile with a knife, causing a laceration and requiring stitches.

During her testimony, Ms. Donaile testified that Mendez and an unidentified accomplice started a knife fight and attacked her and her fiancé. Luisa testified at trial that Mendez was the person who stabbed her with a knife.

Following presentation of the evidence and closing arguments, the jury retired to deliberate. During deliberations, the jury sent out a note to the judge, which asked: "What was Luisa's answer when asked who had stabbed her?"

Although the jury did not expressly use the words "testimony" or "read back," the trial court concluded that the jury was requesting to have read back to them a specific portion of the testimony given by Ms. Donaile during the trial. The stenographer was able to locate the pertinent portion of the trial testimony, and the

trial court determined, with the agreement of both counsel, that the identified portion of the trial testimony was directly responsive to the jury's question. Nevertheless, the defense objected to the read-back, requesting instead that the jury simply be told to rely on its recollection of the testimony. The trial court overruled the objection, stating: "I think where they have asked for in effect a read-back, they have asked for the testimony. . . I am hard-pressed to deny that to the jury. . . . I think I have to let them hear it." The jury returned to the courtroom, and the court reporter read back that portion of Ms. Donaile's testimony in response to the question: "Who stabbed you?" The jury resumed its deliberations and found Mendez guilty of simple battery of Ms. Donaile (as a lesser-included offense of aggravated battery) and simple battery of her fiancé, Araujo.

### **ANALYSIS**

As a general rule, we apply an abuse of discretion standard to a trial court's decision to grant a jury's read-back request. <u>Hazuri v. State</u>, 91 So. 3d 836 (Fla. 2012). Mendez asserts that the trial court abused its discretion because the jury did not specifically request a read-back of testimony, and that, by construing the jury's note as a request for a read-back, the trial court inserted itself into what was a factual question posed by the jury. We do not agree.

Florida Rule of Criminal Procedure 3.410 provides:

(a) If, after they have retired to consider their verdict, <u>jurors request additional instructions or to have any testimony read or played back to</u>

3

them they may be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or played back to them. The instructions shall be given and the testimony presented only after notice to the prosecuting attorney and to counsel for the defendant. All testimony read or played back must be done in open court in the presence of all parties. In its discretion, the court may respond in writing to the inquiry without having the jury brought before the court, provided the parties have received the opportunity to place objections on the record and both the inquiry and response are made part of the record.

(b) In a case in which the jury requests to have the transcripts of trial testimony, the following procedures must be followed:
(1) The trial judge must deny the requests for transcripts.
(2) The trial judge must instruct jurors that they can, however, request to have any testimony read or played back, which may or may not be granted at the court's discretion.
(3) In cases in which jurors make only a general request for transcripts, as opposed to identifying any particular witness' testimony that they wish to review, the trial judge must instruct jurors that, if they request a read or play back, they must specify the particular trial testimony they wish to have read or played back.

(c) If, after being properly instructed in accordance with subdivision (b), the jurors request a read or play back of any trial testimony, the trial judge must follow the procedures set forth in subdivision (a).

(Emphasis added).

We find no error in the trial court's determination that the jury's note represented a request for a read-back of trial testimony, triggering the procedure in subdivision (a) of rule 3.410. As the Florida Supreme Court noted in Hazuri, 91 So. 3d at 845:

[T]he role of a jury as a factfinder is of utmost importance. The guilt or innocence of a defendant hinges on the facts of any given case and

4

a courtroom trial can be a long, drawn out, and complex process, fraught with conflicting witnesses and intricate expert testimony. Thus, a jury's accurate recollection of the testimony is crucial to its verdict. Simply put, a jury cannot properly fulfill its constitutionally mandated role if it cannot recall or is confused about the testimony presented in a case. Thus, in order to assist the jury in completing its fact-finding mission, trial courts should apply a liberal construction to a jury's request for transcripts. In other words, a jury's request for transcripts of testimony should prompt a judge to inform the jury of the potential availability of a read-back of testimony. Whether a jury asks for transcripts of witness testimony or rather uses the term "read-back," it is clear that the jury is requesting a review of trial testimony. A jury is composed of laypersons often unfamiliar with legal terms of art, and there should be no magic words required for a read-back request, especially when the intent of the jury's request for transcripts is clear.

We also conclude that the trial court did not abuse its discretion in granting the request and providing the read-back, which assisted the jury in completing its fact-finding mission.[1]

**CONCLUSION**

In the instant case, the question contained in the jury's note did not require the trial court to insert itself into the jury's fact-finding process or require the trial court to resolve any conflict in the evidence. Indeed, short of using the term "read-back," the jury's note could not reasonably have been clearer: the note specifically

---

[1] We find Mendez's reliance on <u>Byrd v. State</u>, 216 So. 3d 39 (Fla. 3d DCA 2017) is misplaced, because even if we were to apply the principle set forth in *dicta* in that opinion, the question posed by the jury in this case, unlike in <u>Byrd</u>, was merely a request for a read-back of specific trial testimony of a single witness, and not a "question of fact," which would require the trial court to "insert itself into the jury deliberations and to resolve a conflict or questions about the evidence." <u>Id.</u> at 42 n.2.

5

identified the witness by name, and identified the actual question that was asked of that witness during her testimony. By its note, the jury simply requested to hear the specific trial testimony given by that specific witness in response to a specific question asked of her during trial. The trial court properly exercised its discretion in treating the jury's question as a request for a read-back and in providing the jury with a read-back of the specific trial testimony requested.[2]

Affirmed.

---

[2] In fact, the defense voiced no objection that the portion read back to the jury was not responsive to the jury's question, nor did the defense request any other portion of that witness' trial testimony be included in the read-back.