# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-3013
LT Case No. 2019-102088-CFDL

_____

SCOTT MCDERMOTT,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

On appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Scott McDermott, Wewahitchka, pro se.

Ashley Moody, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Respondent.

September 13, 2024

HARRIS, J.

    Scott McDermott petitions this Court raising claims of ineffective assistance of appellate counsel in his direct appeal. Specifically, McDermott argues that his appellate counsel was ineffective in failing to argue error in the trial court's instruction to the jury following a request for transcripts. Because the trial court failed to advise the jury of its right to request a read-back in

response to a juror's request for transcripts, and the State has not established that this error was harmless, we conclude that appellate counsel was ineffective for failing to raise this issue on appeal and we grant the petition.

In 2019, McDermott was charged by information with sexual battery on his step-daughter, a minor between 12 and 18 years of age. A jury trial was held on October 13 and 14, 2021. Those who testified at the trial included the victim, her mother Christine McDermott, and Ryan and Ashley Worden, friends of the McDermotts to whom McDermott allegedly confessed. During deliberations, the jurors asked to rewatch some video footage that had been introduced at trial, and they were brought back to the courtroom for that purpose. After the video ended, a juror asked whether "we (can) get a transcript of the testimony from yesterday."[1] The court declined the request, stating, "we don't have a transcript printed up."

The jury returned to their deliberations, but approximately twenty-three minutes later, they provided another written request to the court, asking three specific questions as to testimony from Christine, Ashley, and Ryan. Again, the court denied the request, instead instructing the jury to rely on their memories of the testimony. The court further denied defense counsel's request to inform the jury that they could get a read-back of the requested testimony if they wanted.

The jury ultimately found McDermott guilty of sexual battery on a minor between 12 and 18 years of age by a person in familial or custodial authority, and his conviction and sentence were affirmed by this court in a written opinion. *McDermott v. State*, 360 So. 3d 1213 (Fla. 5th DCA 2023). In the instant petition, McDermott alleges that his counsel was ineffective for failing to argue in the direct appeal that the trial court erred when it provided an erroneous instruction in response to the jury's request for transcripts. We agree.

---

[1] Despite the State's characterization to the contrary, we find it clear that the juror's request was made on behalf of the entire jury.

2

Once deliberations have started, requests from the jury to review additional evidence or for additional instructions are governed by Florida Rule of Criminal Procedure 3.410, which provides:

(a) If, after they have retired to consider their verdict, jurors request additional instructions or to have any testimony read or played back to them they may be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or played back to them. The instructions shall be given and the testimony presented only after notice to the prosecuting attorney and to counsel for the defendant. All testimony read or played back must be done in open court in the presence of all parties. In its discretion, the court may respond in writing to the inquiry without having the jury brought before the court, provided the parties have received the opportunity to place objections on the record and both the inquiry and response are made part of the record.

(b) In a case in which the jury requests to have the transcripts of trial testimony, the following procedures must be followed:

(1) The trial judge must deny the requests for transcripts.

(2) The trial judge must instruct jurors that they can, however, request to have any testimony read or played back, which may or may not be granted at the court's discretion.

(3) In cases in which jurors make only a general request for transcripts, as opposed to identifying any particular witness' testimony that they wish to review, the trial judge must instruct jurors that, if they request a read or play back, they

3

must specify the particular trial testimony they wish to have read or played back.

(c) If, after being properly instructed in accordance with subdivision (b), the jurors request a read or play back of any trial testimony, the trial judge must follow the procedures set forth in subdivision (a).

Fla. R. Crim P. 3.410 (2021) (emphasis added).

According to the Florida Supreme Court, a trial court commits *per se* error when it erroneously instructs a jury prior to deliberations that it cannot have any testimony read back, "because it is impossible to determine the effect of the erroneous instruction on the jury without engaging in speculation, and thus a reviewing court is unable to conduct a harmless error analysis." *Johnson v. State*, 53 So. 3d 1003, 1005 (Fla. 2010). This *per se* error rule also applies where the trial court fails to inform the jury of its right to request a read-back in response to a general request for transcripts. *See Hazuri v. State*, 91 So. 3d 836, 846–47 (Fla. 2012) (finding the rule set out in *Johnson* applicable to additional instructions provided following jury question because reviewing court could not ascertain which testimony jury was interested in reviewing). However, the court may apply a harmless error analysis when the trial court fails to advise the jury that it may request a read-back in response to a request for specific testimony. *See State v. Barrow*, 91 So. 3d 826, 835 (Fla. 2012).

In *Barrow*, ten minutes into jury deliberations, the jury submitted a note to the court asking for the transcripts of the testimony for five witnesses. The trial court advised the attorneys that it would tell the jury that there were no transcripts. In response to the State's suggestion that the court tell the jury that they could request a read-back, the court advised it did not "do" readbacks and stated that juries are not entitled to a read-back because the issue is within the broad discretion of the trial court. After the court again announced it would tell the jury there were no transcripts and to rely on their own recollections, defense

4

counsel asked that the jury be advised regarding a read-back. The request was denied. The supreme court held that even though a trial court has broad discretion in deciding whether to grant a jury's request for a read-back, the trial court abused its discretion when it failed to inform the jury that a read-back was possible. The *Barrow* court discussed whether the trial court's error was harmless:

> Next, we determine whether the trial court's abuse of discretion warrants a new trial. During deliberations, the jury's transcript request listed specific witnesses whose testimonies it sought to review. "When a specific request from the jury to read back testimony is at issue, a reviewing court is able to conduct a harmless error analysis." *Johnson*, 53 So. 3d at 1006 n.4. Because a jury seeks to review trial testimony whether the request is characterized as a request for a trial transcript or for a "read-back," it must follow that an improper denial of a jury's request for trial transcripts of the testimonies of specific witnesses is also subject to a harmless error analysis. The harmless error test requires the State "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict." *Ventura v. State*, 29 So. 3d 1086, 1089 (Fla. 2010) (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986)).

*Id.* at 835.

Again, a trial court abuses its discretion when it fails to advise a jury of the possibility of a read-back in response to a request for transcripts. *Id.* at 834–35. In *Hazuri*, the Florida Supreme Court discussed review of a trial court's failure to instruct the jury that a read-back is available when the jury requests transcripts generally:

> Because the trial judge did not instruct the jury to clarify which portion of the transcript the jury wanted to review, we cannot determine whether

5

the jury was confused regarding specific testimony in the case. Although the record indicates that the jury had difficulty reaching a verdict in this case, it is unclear whether this difficulty was caused by the jury's confusion as to the facts or testimony in this case. As in *Johnson*, this Court would have to engage in pure speculation as to the effect of the trial court's failure to inform the jury of the possibility of a read-back or the trial court's failure to ask which portion of the testimony it wanted to review. Therefore, the trial court committed reversible error, and accordingly, Hazuri is entitled to a new trial.

91 So. 3d at 846–47.

In this case, the jury's questions regarding what certain witnesses testified to at trial were in direct response to the jury being told to narrow down a general request for transcripts and that transcripts were not "printed up." Therefore, these questions should be viewed as a request to review transcripts/for a read-back. As noted by the *Hazuri* court, "trial courts should apply a liberal construction to a jury's request for transcripts." *Id.* at 845. Further, the jury's questions were very specific and did not require the trial court to insert itself into a factual question when offering a read-back. *See Mendez v. State*, 252 So. 3d 368, 370–71 (Fla. 3d DCA 2018) (holding trial court did not err when it provided jury with a read-back following a note asking what a witness's response was to a certain question at trial).

While the trial court did not follow the portion of rule 3.410 requiring it to advise the jury of its right to request a read-back in response to the juror's request for transcripts, the trial court did direct the jury to narrow down its request for transcripts. In response to the instruction, the jury provided three specific portions of trial testimony it sought to review. Because this Court is able to determine the specific testimony the jury sought to review in this case, a harmless error analysis is appropriate. *See Barrow*, 91 So. 3d at 826; *Avila v. State*, 781 So. 2d 413, 416 (Fla. 4th DCA 2001). "The harmless error test requires the State 'to

prove beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" *Barrow*, 91 So. 3d at 835 (emphasis omitted) (quoting *Ventura v. State*, 29 So. 3d 1086, 1089 (Fla. 2010)).

McDermott argues that the specific portions of testimony that were requested by the jury had a direct bearing on the jury's verdict because "[t]his testimony was crucial to comparing inconsistent statements between the three witnesses for the State about an alleged confession." According to McDermott, witness credibility was at the core of this trial, and the requested testimony was not only inconsistent but McDermott himself testified as to what he thought the statement "it's true" meant. Finally, McDermott notes that the jury requested the information regarding Christine's statement at the Wordens' house after the trial court advised the jury to send a request in writing if it was for something the jury "absolutely believe[d]" it needed. This shows that the testimony was of such a magnitude to the jury that they "absolutely believed" it was necessary to review.

The State's response did not discuss whether the trial court's failure to inform the jury of its right to request a read-back following the jury's questions regarding specific trial testimony was harmless error. Because the State failed to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, at this point, it cannot be said with any confidence that the trial court's failure constituted harmless error.

We conclude that the issue raised in the petition regarding the trial court's failure to follow rule 3.410 in response to a request for trial transcripts is meritorious, and therefore, appellate counsel's failure to raise this issue was deficient. Accordingly, new appellate counsel should be permitted to argue this issue and the State should be given the opportunity to establish beyond a reasonable doubt that the trial court's erroneous instructions did not contribute to McDermott's conviction. We find no merit to any other claims raised by McDermott in this case. For the reasons set forth above, we grant the petition as to the claim that the trial court erred when it failed to inform the jury of its right to request a read-back of trial testimony and we authorize a new appeal as to that issue only.

PETITION GRANTED in part; NEW APPEAL AUTHORIZED.


WALLIS and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____